# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL-17-md-2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE |
| KEVIN B. SEMTNER,<br><br>　　Plaintiff,<br><br>vs.<br><br>SMITH & NEPHEW, INC.,<br><br>　　Defendant. | **DIRECT-FILED SHORT FORM COMPLAINT**<br>**PURSUANT TO CASE MANAGEMENT ORDER NO. 5**<br><br>Civil Action No. 1:18-cv-25 |

## SHORT FORM COMPLAINT

1.　Plaintiff, Kevin B. Semtner, states and brings this civil action in MDL No. 2775, entitled *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*. Plaintiff is filing this Short Form Complaint pursuant to CMO No. 3, entered by this Court.

## PARTIES, JURISDICTION AND VENUE

2.　Plaintiff is a resident and citizen of Texas and claims damages as set forth below.

3.　Federal jurisdiction is proper based on diversity of citizenship.

4.　The Federal District in which Plaintiff's initial implant took place: Western District of Texas.

5.　The Federal District in which Plaintiff's revision surgery took place: Western District of Texas.

6.　Plaintiff brings this action on behalf of himself.

1

**FACTUAL ALLEGATIONS**

7. On or about February 3, 2015, Plaintiff underwent surgery during which the Smith & Nephew BHR Resurfacing System was implanted into Plaintiff's LEFT hip.

8. Plaintiff's LEFT BHR implant surgery was performed at Nix Medical Center by Dr. John A. Evans.

9. Plaintiff underwent medically-indicated revision of the LEFT BHR hip implant on or about December 8, 2017.

10. Plaintiff's revision surgery was performed by Dr. Adam Harris at South Texas Spine & Surgical Hospital.

11. Plaintiff suffered the following complications, injuries, and/or indications, some or all of which made revision surgery medically necessary: elevated cobalt and chromium levels; pain, swelling, and inflammation; and metal toxicity.

12. On or about October 19, 2009, Plaintiff underwent surgery during which the Smith & Nephew BHR Resurfacing System was implanted into Plaintiff's RIGHT hip.

13. Plaintiff's RIGHT BHR implant surgery was performed at CHRISTUS Santa Rosa Hospital – Medical Center by Dr. John A. Evans.

14. Plaintiff's medical providers have not recommended revision of the RIGHT BHR implant at this time.

15. Plaintiff adopts the allegations of the Master Amended Consolidated Complaint ("MACC") filed August 11, 2017, and any and all amendments to the MACC.

**ALLEGATIONS AS TO INJURIES**

16. (a) Plaintiff claims damages as a result of (check all that are applicable):

__X___        INJURY TO HIMSELF

_____		INJURY TO THE PERSON REPRESENTED

_____		WRONGFUL DEATH

_____		SURVIVORSHIP ACTION

\_\_X\_\_\_		ECONOMIC LOSS

17.	Defendant, by its actions or inactions, proximately caused the injuries to Plaintiff.

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

18.	The following claims and allegations are asserted by Plaintiff and are herein adopted by reference under the laws of the following state (check all that are applicable):

\_\_X\_\_\_\_COUNT I   (strict products liability: TEXAS)

\_\_X\_\_\_\_COUNT II  (negligence: TEXAS)

\_\_X\_\_\_\_COUNT III (strict products liability failure to warn: TEXAS)

\_\_X\_\_\_\_COUNT IV  (negligent failure to warn: TEXAS)

\_\_X\_\_\_\_COUNT V   (negligent misrepresentation: TEXAS)

\_\_X\_\_\_\_COUNT VI  (negligence per se: TEXAS)

\_\_X\_\_\_\_COUNT VII (breach of express warranties: TEXAS)

\_\_X\_\_\_\_COUNT VIII (manufacturing defect: TEXAS)

\_\_X\_\_\_\_COUNT IX  (punitive damages: TEXAS)

In addition to the above, Plaintiff asserts the following additional causes of action under applicable state law:

- violation of TEX. BUS. & COM. CODE § 17.41 et seq., commonly known as the Deceptive Trade Practices-Consumer Protection Act, by:

    a. Representing that the goods they offered had benefits or qualities that they do not have;

    b. Advertising goods with the intent not to sell them as advertised;

c. Representing that goods were of a particular standard or quality when they were not;

d. Failing to disclose information about their goods that was known at the time of the transaction, which failure was intended to and did induce Plaintiff to enter into a transaction he would not have entered into had he known the information not disclosed;

e. Breaching implied warranties;

f. Breaching express warranties; and

g. Engaging in unconscionable acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement; and

7. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: January 3, 2018                                                              Respectfully submitted,

/s/ Patrick A. Luff
Patrick A. Luff
LUFF LAW FIRM, PLLC
3123 NW Loop 410
San Antonio, TX 78230

Tel: (210) 504-7575
Fax: (830) 584-0628
luff@lufflaw.com
Bar Identification No. 806817
Texas Bar No. 24092728

*Attorney for Plaintiff*