IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL-17-md-2775<br>Hon. Catherine C. Blake |
| RONALD L. COX AND REBECCA P. COX, | |
| Plaintiffs, | |
| vs. | |
| SMITH & NEPHEW, INC., and SMITH & NEPHEW, PLC, | |
| Defendant. | |
| This Document Relates to:<br>Case No. 1:18-cv-00326-CCB | |

## MEMORANDUM

Now pending is the motion by counsel for plaintiffs Ronald and Rebecca Cox to file a First Amended Complaint in one of the THA cases recently centralized in this court as part of MDL 2775. The amended complaint adds new causes of action and, most relevant for this ruling, adds Smith & Nephew plc as a new defendant.

Plaintiffs' lead counsel takes no position on this motion. Smith & Nephew responds that the motion is premature, given that a Master Amended Consolidated Complaint ("MACC") has not yet been filed in the THA cases, nor has a motion to dismiss directed at that MACC been briefed and decided.[i] Smith & Nephew also disputes that the claims would survive a motion to dismiss.

The court generally agrees that the proper defendants and causes of action to be litigated in the THA-track cases should be decided through the filing of a MACC and a corresponding motion to dismiss. The only possible valid concern with this approach stated on behalf of the Cox plaintiffs is

that the two-year statute of limitations applicable to the Coxes' claims under Georgia law expires on August 18, 2018.

Smith & Nephew seeks to allay this concern by arguing that filing a motion for leave to amend, accompanied by the proposed amended complaint, tolls the statute of limitations. The court agrees that this statement of the law, as a general matter, appears correct. Moore v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir 1993); Mayes v. AT&T Info. Sys., Inc., 867 F.2d 1172, 1172-73 (8th Cir. 1989); Angles v. Dollar Tree Stores, Inc., 494 F. Appx. 326. 330 (4th Cir. 2012); In re Mutual Funds Investment Litig., 478 F. Supp. 2d 833, 834, 837 n.7 (D. Md. 2007). Counsel for Cox plaintiffs responds that there appears to be no case specifically addressing the situation here, where the proposed new defendant is a foreign corporation that may challenge this court's personal jurisdiction over it. He also notes that another THA complaint in this MDL, amended as a matter of right, already names Smith & Nephew plc. (See Bohman, et al. v. Smith & Nephew, Inc. 1:18-cv-00740-CCB).

Accordingly, to protect more clearly the rights of the Cox plaintiffs, while not interfering with the orderly process of this MDL, the court concludes that the best course is to permit the filing of the First Amended Complaint by the Coxes. In doing so, however, the court expressly does not address futility. Whether some or all of the proposed claims against either Smith & Nephew, Inc. or Smith & Nephew, plc, can withstand a motion to dismiss will be decided in the course of litigating any motion to dismiss filed against the forthcoming MACC or at a later appropriate time in this MDL.

A separate Order follows.

/s/ CCB
_____
Catherine C. Blake
United States District Judge

---

i Smith & Nephew does not contend there has been undue delay, nor unfair prejudice.