**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| IN RE SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>This Document Relates to the following THA Track Case:<br><br>*Bohman, et al. v. Smith & Nephew, Inc., et al.*, No. 1:18-cv-00740 |

**SMITH & NEPHEW, INC.'S RESPONSE TO MOTION FOR RELIEF BY PLAINTIFFS MAURICE J. BOHMAN AND CYNTHIA ANN BOHMAN**

By Order dated September 24, 2018, this Court approved a process to address the total hip arthroplasty ("THA") claims in this MDL through Plaintiffs' adoption of two Master Amended Consolidated Complaints ("MACCs") and the filing of Short Form Complaints ("SFCs") by all individual THA Plaintiffs. *See* Case Management Order ("CMO") No. 10 [D.E. 975] ¶ 4. CMO No. 10 imposes obligations on all THA Plaintiffs and a timetable for responses to the THA MACCs and THA Short Form Complaints. *Id.* ¶ 5. Three weeks after the deadline for filing their Short Form Complaint, the Bohman Plaintiffs seek (1) to exempt themselves entirely from the Short Form Complaint process Ordered by the Court in CMO No. 10, or (2) an Order which would allow them "to assert and allege claims against PLC." Motion for Relief [D.E. 1145] at 5, ¶ 9. They acknowledge "that the Plaintiffs' Steering Committee [PSC] has elected not to proceed against PLC on behalf of the entire MDL." *Id.* at

5, ¶ 8. As such, their Motion implicates broader issues of how to address claims by individual plaintiffs that the PSC has elected not to pursue.[1]

Smith & Nephew Inc. ("S&N") submits that the Bohman Plaintiffs should be required to file a Short Form Complaint and abide by the process and timetables established by the Court in CMO No. 10. The Bohman Plaintiffs' concern that filing a Short Form Complaint will operate to abandon their claims against Smith & Nephew plc ("plc") can be addressed with an Order providing that (1) the Bohman Plaintiffs' existing claims against plc are not abandoned, and (2) any response to those claims "shall be stayed pending further order of the Court." CMO No. 10, ¶ 12. The Bohman Plaintiffs' request for a broad exemption from CMO No. 10 is unnecessary and would disrupt the orderly conduct of the MDL. Indeed, it would be fundamentally unfair to exempt the Bohman Plaintiffs from the procedures in CMO No. 10 so that they can then seek a default judgment against plc based on that very exemption.

## BACKGROUND

On April 23, 2018, the Bohman Plaintiffs filed their Amended Complaint, asserting claims against S&N and plc. *See* First Am. Compl. [D.E. 644]. On May 3, 2018, the Court entered CMO No. 7, which identified the THA Track in this MDL. CMO 7 [D.E. 680] § I.D & Ex. B. There is no dispute that the Bohman Plaintiffs are part of the THA Track. Their

---

[1] After agreeing to a briefing schedule to address the Bohman Plaintiffs' Motion, but before the deadline for S&N's response [D.E. 1161], the Bohman Plaintiffs requested entry of default against plc based on its alleged "failure to plead or otherwise defend." Request for Entry of Default Judgment [D.E. 1171]. That request will be separately addressed, but it demonstrates the need for guidance regarding the handling of claims brought by plaintiffs' counsel who seek to pursue claims against defendants that the PSC has rejected.

Complaint was "identified on the Updated Listing of Pending THA Cases filed with the Court on September 17, 2018." Active THA Track Cases in MDL 2755 [D.E. 960-2].

On July 31, 2018, in granting leave to different plaintiffs (represented by the Bohman Plaintiffs' counsel) to file an amended complaint and assert claims against plc, the Court stated that it "generally agrees that the proper defendants and causes of action to be litigated in the THA-track cases should be decided through the filing of a MACC and a corresponding motion to dismiss," that the filing of claims against plc should not "interfere[e] with the orderly process of this MDL," and "[w]hether some or all of the proposed claims against either Smith & Nephew, Inc. or Smith & Nephew plc, can withstand a motion to dismiss will be decided in the course of litigating any motion to dismiss filed against the forthcoming MACC or a later appropriate time in this MDL." *See* Mem. [D.E. 858] at 1-2.

On August 14, 2018, Plaintiffs' Lead Counsel filed the BHR-THA MACC on "behalf of Plaintiffs with . . . modular femoral heads ('MFH') implanted in a total hip arthroplasty ('THA') with a Birmingham Hip Resurfacing (BHR) cup." [D.E. 878] at 1. The THA MACC originally advanced claims against multiple defendants, including S&N and plc. *Id.* ¶¶ 1-2. On September 24, 2018, this Court entered CMO 10, which sets forth the procedure governing the THA MACCs (including the planned R3-THA MACC), THA Short Form Complaints, and responses thereto. [D.E. 975].

At the outset, the Court explained that the BHR-THA MACC "shall be deemed adopted by and applicable to Plaintiffs with cases identified in the Updated Listing of Pending THA Track cases filed with the Court on September 17, 2018." *Id.* ¶ 4. The Court directed that Plaintiffs would "file a notice of voluntary dismissal of defendant[] Smith &

3

Nephew plc . . . from the THA MACC." *Id.* ¶ 3. The Court then required that "[a]ll Plaintiffs with cases identified on the Updated Listing of Pending THA Track cases filed with the Court on September 17, 2018 *shall* file a Short Form Complaint on or by October 5, 2018, in substantially the form attached as Exhibit 'A' attached to this Order (for BHR-THA cases) . . . ." *Id.* ¶ 4 (emphasis added). The Court explained that the filing of "a Short Form Complaint . . . will not act as a means of or be effective to add [plc] or any other foreign defendants to any Plaintiff's case," and that "[n]o defendants other than Smith & Nephew, Inc. shall be named in any Short Form Complaint." *Id.*

*Finally*, the Court established a timetable for responses to the THA MACC and Short Form Complaints.[2] Because plc was being voluntarily dismissed and no other foreign defendants could be added, *id.* ¶¶ 3-4, the Court Ordered that "[o]n or by November 9, 2018, S&N shall answer and/or file a motion to dismiss Plaintiffs' THA MACCs and any other claims against S&N in any Short Form Complaints filed in any case on the Updated Listing of Pending THA Track Cases filed with the Court on September 17, 2018." *Id.* ¶ 5. Further, the Court directed that "[a]ll responses by S&N to Short Form Complaints filed after October 5, 2018, shall be stayed pending further Order of this Court, without prejudice to S&N to answer or move to dismiss on such schedule as the Court may later determine." *Id.* ¶ 12.

---

[2] Well before entry of CMO No. 10, the parties and Court were aware that Short Form Complaints and a THA MACC would be used to address the THA Track actions in a consolidated fashion. *See, e.g.,* Hr'g Tr. (June 12, 2018) (Ex. A) at 8 ("Plaintiffs have indicated that they'd like to file a MACC for the THA track cases. So we're in the process of discussing a schedule with them that would involve a MACC, Short Form Complaints, and briefing, similar to what we did with the BHR track cases."); Hr'g Tr. (July 25, 2018) (Ex. B) at 13 ("I think we are close to being able to agree on dates for filing of the MACC and Short Forms. . . . And we expect to be able to agree upon and to propose to the Court, via a Proposed Order, for the timing of filing of their THA MACC and the Motions to Dismiss to follow."); *id.* at 14 ("We anticipate being able to file the THA MACC next week. We anticipate the Short Forms . . . will be filed at the end of August.").

Plaintiffs did not file a Short Form Complaint by October 5, 2018 (or seek relief from doing so), and did not file by October 12, 2018 a motion for leave to file a Short Form Complaint. As a courtesy, on October 23, 2018, counsel for S&N alerted Bohman Plaintiffs' counsel (and other plaintiffs' counsel) of their failure to comply with CMO No. 10. *See* 10/23/18 Email from D. Spira (Ex C). Counsel explained:

> To the extent these Plaintiffs wish to pursue their claims, they should promptly file motions with the Court regarding their failure to comply with the deadlines for both the filing of Short Form Complaints and the filing of Motions for Leave to file delinquent Short Form Complaints.

*Id.* Several plaintiffs responded by filing motions for leave to file their Short Form Complaints [D.E. 1137, 1138, 1140, 1143], to which S&N had no objection. [D.E. 1163].

The Bohman Plaintiffs, on the other hand, filed their current Motion "for relief in the form of exempting Plaintiffs from filing the THA Short Form Complaint" altogether, "or in the alternative, if this Court otherwise Orders Plaintiffs to file the THA Short Form Complaint, to make a ruling allowing Plaintiffs to assert and allege claims against Smith & Nephew PLC." Motion for Relief [D.E. 1146] at 1.

## ARGUMENT

The Bohman Plaintiffs should not be permitted to circumvent the orderly process established by this Court by proceeding with claims against S&N and plc entirely outside of the THA MACC and Short Form Complaint process approved by this Court in CMO No. 10. The very purpose of the MACC and Short Form Complaint process adopted by the Court is to allow the parties to litigate a common set of allegations and claims in a coordinated fashion. By seeking a broad exemption from their obligation under CMO No. 10, the Bohman Plaintiffs would undermine "just and efficient" conduct of the THA Track cases.

5

*See* 28 U.S.C. § 1407(a) (an MDL should be created upon determination that the "proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). Plaintiffs should be required to follow the terms and timetable set forth in CMO No. 10, including their obligation to file a Short Form Complaint.

The fact that the Bohman Plaintiffs have asserted claims against plc does not, and should not, allow them to evade their obligations under CMO No. 10. Indeed, when the Court granted other plaintiffs (represented by the same counsel) leave to file an amended complaint and assert claims against plc, it explained that (1) "the proper defendants and causes of action to be litigated in the THA-track cases should be decided through the filing of a MACC," (2) the filing of the amended complaint and assertion of claims against plc should not "interfer[e] with the orderly process of this MDL," and (3) the claims against plc would be addressed through a "motion to dismiss filed against the forthcoming MACC or a later appropriate time in this MDL." Mem. [D.E. 858] at 1-2. The Court did not remotely suggest that the claims against plc should be litigated or resolved outside the framework applicable to other THA cases.

To the contrary, CMO No. 1 established "a leadership structure for plaintiffs' counsel in order to organize, simplify and streamline the handling of these matters on behalf of all plaintiffs." [D.E. 94, at 1]. Plaintiffs' Lead Counsel were directed to "[m]anage and direct all aspects of the litigation on behalf of Plaintiffs." *Id*. The Bohman Plaintiffs' counsel was appointed to Plaintiffs' Executive Committee, but later chose to leave that position. [D.E. 780]. This present dispute thus implicates broader questions of MDL management and how

claims that the PSC has chosen not to pursue in the MDL via a MACC (or Short Form Complaints) should be addressed when raised by individual cases.

S&N submits that the Bohman Plaintiffs should remain obligated to file a Short Form Complaint and that their Short Form Complaint is subject to the same stay requirements described in CMO No. 10 for late filed Complaints.  At the same time, the Court can assure the Bohman Plaintiffs that they would not be waiving their claims against plc as asserted in their Amended Complaint.  However, those claims against plc should be temporarily stayed to allow the consolidated pleadings to govern the process in the MDL.

There would be no prejudice to Plaintiffs in such an approach as their claims would be preserved.  In contrast, it would be fundamentally unfair and unnecessary to exempt these Plaintiffs from filing a Short Form Complaint and, presumably, let them stand alone in pursuing claims raised in their individual Amended Complaint on a separate, parallel track to those claims being pursued by the PSC.  Similarly, it would be unfair to allow Plaintiffs to avoid the restrictions on Short Form Complaints in the THA Track by allowing them an exception to include a claim against plc, as they suggest.  In all events, if the Bohman Plaintiffs are permitted to depart from CMO No. 10 by filing a Short Form Complaint that makes claims against plc, then the Court should ensure that the remaining requirements of CMO No. 10 continue to apply, including the requirement that responses to Short Form Complaints filed after October 5, 2012 "shall be stayed pending further Order of this Court." CMO No. 10, ¶ 12.

**CONCLUSION**

For the reasons set forth above, the Bohman Plaintiffs' Motion for Relief should be denied. The Bohman Plaintiffs should be required to file a Short Form Complaint in accordance with CMO No. 10. The Court can address the Bohman Plaintiffs' concerns through an Order (1) indicating that their claims against plc are not vitiated by filing of a Short Form Complaint, and (2) staying the Bohman Plaintiffs' claims against plc until further Order of Court, thereby allowing BHR-THA claims to proceed as CMO No. 10 contemplates.

Dated:  November 19, 2018

Respectfully Submitted,

*/s/ Terri S. Reiskin*
Terri S. Reiskin, Bar No. 05256
DYKEMA GOSSETT PLLC
1301 K Street NW, Suite 1100 West
Washington, DC  20005
treiskin@dykema.com
Telephone: (202) 906-8600
Fax: (855) 216-7884

Sara J. Gourley
Jana D. Wozniak
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
sgourley@sidley.com
jwozniak@sidley.com
Telephone:  (312) 853-7000
Fax:  (312) 853-7036

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
pzidlicky@sidley.com
Telephone:  (202) 736-8000
Fax:  (202) 736-8711

James B. Irwin
Kim E. Moore
David O'Quinn
IRWIN FRITCHIE URQUHART &
  MOORE
400 Poydras St. #2700
New Orleans, Louisiana 70130
jirwin@irwinllc.com
kmoore@irwinllc.com
doquinn@irwinllc.com
Telephone:  (504) 310-2100
Fax:  (504) 310-2101

*Counsel for Defendant Smith & Nephew, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                        */s/ Sara J. Gourley*
                                                        Sara J. Gourley