## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| IN RE SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>*Bill Bouman v. Smith & Nephew, Inc.*, Case No. 1:17-cv-02592;<br>*Lydia Constantini v. Smith & Nephew, Inc.*, No. 1:17-cv-01982;<br>*Kathleen Davis v. Smith & Nephew, Inc.*, No. 1:17-cv-02617;<br>*Ellen Franklin v. Smith & Nephew, Inc.*, No. 1:17-cv-02560;<br>*Sherry Lynn Jobe v. Smith & Nephew, Inc.*, No. 1:17-cv-02624;<br>*Harpaul Kwatra v. Smith & Nephew, Inc.*, No. 1:18-cv-02436;<br>*Rodney Little v. Smith & Nephew, Inc.*, No. 1:17-cv-02607;<br>*Tanha Luvaas v. Smith & Nephew, Inc.*, No. 1:17-cv-02548;<br>*Deborah Schnick v. Smith & Nephew, Inc.*, No. 1:17-cv-02406;<br>*Sheila Smith-Clark v. Smith & Nephew, Inc.*, No. 1:17-cv-02633;<br>*Sherry Stoll v. Smith & Nephew, Inc.*, No. 1:17-cv-02402;<br>*David Warner v. Smith & Nephew, Inc.*, No. 1:17-cv-02385 |

### SMITH & NEPHEW, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN CLAIMS AS TIME-BARRED UNDER CALIFORNIA LAW PURSUANT TO RULE 12(b)(6)

Defendant Smith & Nephew, Inc. ("S&N") respectfully submits this memorandum in support of its Motion to Dismiss Certain Claims as Time-Barred under California Law. Previously, this Court ruled that the claims of certain California Plaintiffs were untimely on the face of their Complaints, but allowed them to file amended Short Form Complaints in an effort to

1

allege facts absent from their Complaints, but that may be sufficient to invoke California's discovery rule.  Following amendment, twelve of those Complaints should now be dismissed. Those Short Form Complaints ("Short Form Complaints" or "SFC") are untimely because they show that Plaintiffs were on "inquiry notice"—*i.e.*, they affirmatively allege that they approached counsel to obtain legal representation concerning their BHR implants—more than 2 years before they filed suit.  *See Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 928–30 (Cal. 1988).  Their further allegations that counsel had not agreed to pursue their claims do not extend the statute of limitations.  *See Gutierrez v. Mofid*, 705 P.2d 886, 888–91 (Cal. 1985) (rejecting claim that "reliance on an attorney's advice postpones the time of 'discovery'").

## BACKGROUND

In its prior order dismissing certain California Plaintiffs' complaints *without* prejudice, this Court held that those complaints were time-barred on their face under California law and that Plaintiffs' allegations were inadequate to invoke California's discovery rule.  *See* Nov. 19, 2018 Memorandum [Doc. 1190] ("Memorandum") at 10–12.  Under California law, "a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" *Fox v. Ethicon*, 110 P.3d 914, 920 (Cal. 2005) (quoting *Norgart v. Upjohn Co.*, 981 P.2d 79 (Cal. 1999)).  As S&N demonstrated in its June 20, 2018 Memorandum in Support of Motion to Dismiss [Doc. 795-1], absent application of the discovery rule, the California Plaintiffs' cause of action accrued prior to, and in any event no later than, the date of their revision surgery.  As of the date of each Plaintiff's revision surgery, any alleged wrongdoing had occurred, and Plaintiffs had suffered the alleged harm caused by the BHR, which is what they assert made revision surgery medically necessary. Under California law, their causes of action were thus complete prior to, and no later than, the date of the revision surgery, and the statute of limitations began to run at that time.

2

These California Plaintiffs would therefore have to rely on the discovery rule for their complaints to be timely.  As explained by the California Supreme Court, California's discovery rule "only delays accrual until the plaintiff has, or should have, *inquiry notice* of the cause of action."  *Fox*, 110 P.3d at 920 (emphasis added).  "Inquiry notice" of a cause of action, in turn, requires only that a plaintiff "*has reason at least to suspect* a factual basis for its elements."  *Id.* (emphasis added).  Thus, "[u]nder the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period."  *Id.*

As this Court has explained, "to invoke California's discovery rule . . . a 'plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Memorandum [Doc. 1190] at 11 (quoting *Fox*, 110 P.3d at 920–21).  "The first prong requires plaintiffs to allege 'facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely,'" while the second prong "is satisfied by pleadings which 'do not suggest any circumstances that should have alerted plaintiff to its injury at defendant's hands.'"  *Id.* (quoting *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1324–25 (2007)).

This Court allowed the California Plaintiffs to amend their complaints to attempt to include plausible and legally sufficient facts to satisfy both prongs of the pleading requirement.[1]  In

---

[1] As to the first prong, this Court concluded that "plaintiffs have not adequately pleaded facts to establish the time and manner of discovery."  Memorandum [Doc. 1190] at 12. As to the second prong, this Court noted several allegations in the MACC and suggested that "these assertions *may* suffice to fulfill the second part of California's pleading requirements." *Id.* at 11–12 (emphasis added).  Likewise, at oral argument, the Court stated:  "In California, it appears to me there is a discovery rule, but there may be a pleading requirement that *I'm not sure has been met in the MACC* about things like the time and manner of discovery, the exercise of due diligence. If I am correct about that, of course, the result might be granting leave to amend." Aug. 29, 2019 Hrg. Tr. at 16 (emphasis added).  In its Order, the Court thus permitted the California

3

response, certain California Plaintiffs have now amended their short form complaints (SFCs) to attempt to invoke California's discovery rule.   The amended allegations in twelve of the Short Form Complaints establish that Plaintiffs' claims should be dismissed because Plaintiffs were on inquiry notice more than 2 years before they filed suit.[2]

These Plaintiffs admit that they consulted with attorneys about a potential legal claim involving the BHR more than 2 years before filing their complaints.   Under California law, "[w]hen a plaintiff consults an attorney 'precisely because she wishe[s] to explore her legal remedies,' the plaintiff has presumptive notice of her claim and the [limitations] period begins." *Cox v. Depuy Motech, Inc.*, No. 95-CV-3848-L(JA), 2000 WL 1160486, at *3 (S.D. Cal. Mar. 29, 2000) (quoting *Gutierrez*, 705 P.2d at 889).   Further, the California Supreme Court has held that the statute of limitations is not tolled even if counsel tells plaintiffs that they will not pursue a claim on their behalf.   *See Gutierrez*, 705 P.2d at 888-91.   Plaintiffs' admissions that they consulted with an attorney demonstrate that Plaintiffs were on inquiry notice—*i.e.*, that they had reason to suspect a factual basis for the elements of their cause of action—well more than two years before filing their complaints.   Their claims are therefore time-barred.

## GOVERNING LAW

Under Fourth Circuit law, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Walker-Pitman* v. *Maryland Dep't of Transp.*, No. Civ CCB-14-202, 2015 WL 419806,

---

Plaintiffs "the opportunity to amend their complaint[s]."   Memorandum [Doc. 1190] at 27 n.15, *see also* Order [Doc. 1192] at 2.

[2] The 12 Short Form Complaints identified in Exhibit A are as follows: (1) Kathleen Davis [Doc. 1339]; (2) Sheila Smith-Clark [Doc. 1340]; (3) Sherri Jobe [Doc. 1341]; (4) Tanha Luvaas [Doc. 1342]; (5) Bill Bouman [Doc. 1346]; (6) Lydia Constantini [Doc. 1347]; (7) Ellen Franklin [Doc. 1348]; (8) Rodney Little [Doc. 1351]; (9) Harpaul Kwatra [Doc. 1357]; (10) Deborah Schnick [Doc. 1363]; (11) Sherry Stoll [Doc. 1364]; (12) David Warner [Doc. 1365].

at *6 (D. Md. Jan. 29, 2015) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999), *aff'd*, 671 F. App'x 873 (4th Cir. Dec. 21, 2016). "Rule 12(b)(6) motions to dismiss may properly raise statute of limitations defenses where the defense is apparent from the face of the complaint." *Douglas* v. *NTI-TSS, Inc.*, 632 F. Supp. 2d 486, 491 (D. Md. 2009) (granting motion to dismiss); *Gregoriou* v. *Explosives Experts Inc.*, No. CCB-08-384, 2008 WL 3989183, at *2 (D. Md. 2008) (granting Rule 12(b)(6) motion where claims were untimely "[b]ased on the facts alleged in the complaint").

## **ARGUMENT**

### **TWELVE OF THE AMENDED SHORT FORM COMPLAINTS FILED BY CALIFORNIA PLAINTIFFS IN RESPONSE TO THE COURT'S STATUTE OF LIMITATIONS ORDER ARE TIME-BARRED UNDER CALIFORNIA LAW**

The allegations in the amended short form complaints of the California Plaintiffs identified in Exhibit A establish that their claims are time-barred under California law. Their own allegations now demonstrate that Plaintiffs had reason to suspect a factual basis for their cause of action, thereby triggering accrual under the discovery rule, more than two years before they filed their complaints.[3] Plaintiffs' amended short form complaints admit not only that they had *reason* to suspect their cause of action, but also that they in fact *did* suspect the basis for their cause of action well more than two years before they filed their complaints.

*First*, all of the Plaintiffs at issue in this motion affirmatively allege that they were aware of supposed injuries from the BHR, including metallosis and/or elevated ion levels, before their revision surgeries and well more than two years before filing their complaints. *See, e.g.*, Bill

---

[3] Four other California Plaintiffs likewise filed amended short form complaints in response to the Court's ruling (Janice Berg [Doc. 1345], Jacqueline Graham [Doc. 1349], Kim Mares [Doc. 1352], and Stephen Brightbill [Doc 1356]). Their amended short form complaints raise distinct issues and therefore S&N does not currently challenge the timeliness of their claims, but reserves the right to do so at an appropriate later stage.

Bouman, SFC, [Doc. 1346] ¶ 90 (alleging date of revision surgery more than two years before filing complaint); *id.* ¶ 11 (alleging that metallosis and elevated cobalt and chromium levels made revision surgery medically necessary).[4]

*Second*, as set forth in Exhibit A, each of these Plaintiffs allege that they contacted attorneys about bringing a lawsuit for their injuries more than two years before they filed suit.  *See, e.g.*, Kathleen Davis, SFC, [Doc. 1339] ¶ 21 ("After learning she would need a revision surgery, and after witnessing online information and television advertising for hip claims related to metal on metal hip litigations, Plaintiff contacted multiple attorneys in or around 2014 to determine whether she had a potential legal claim for her hip injuries.").  They further allege that in contacting attorneys, they specifically discussed possible claims involving the BHR device.  *See, e.g.*, *id.* ("Plaintiff was told the BHR device was not a device the attorneys were investigating, or the serial number on the device did not match a device the attorneys were investigating.").  Applying the discovery rule to Plaintiffs' amended short form complaints, the statute of limitations began to run no later than when they admit they had sufficient suspicions to contact attorneys about filing a lawsuit involving the BHR device.

The California Supreme Court's decision in *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 928–29 (Cal. 1988), is on point.  There, "Plaintiff stated that as early as 1978 she was interested in 'obtaining more information' about DES because she wanted to 'make a claim'; she felt that someone had done something wrong to her concerning DES, that it was a defective drug and that

---

[4]  *Accord* Constantini Lydia, SFC, [Doc. 1347] ¶¶ 9, 11; Kathleen Davis, SFC, [Doc. 1339] ¶¶ 10, 12; Ellen Franklin, SFC, [Doc. 1348] ¶¶ 10, 12; Sherry Jobe, SFC, [Doc. 1341] ¶¶ 10, 12; Harpaul Kwatra, SFC, [Doc. 1357] ¶¶ 11, 13; Rodney Little, SFC, [Doc. 1351] ¶¶ 9, 11; Tanha Luvaas, SFC, [Doc. 1342] ¶¶ 9, 11; Deborah Schnick, SFC, [Doc. 1363] ¶¶ 9, 11; Sheila Smith-Clark, SFC, [Doc. 1340] ¶¶ 10, 12; Sherry Stoll, SFC, [Doc. 1364] ¶¶ 10, 12; David Warner, SFC, [Doc. 1365] ¶¶ 10, 12.  The Amended Short Form Complaints in these cases are collected at Exhibit B.

she should be compensated." *Id.* at 929. The Court ruled that, in light of her "candid statements,"

she would be "held to her admission; she suspected that defendants' conduct was wrongful during

1978—well over a year before she filed suit." *Id.* The same is true here, where Plaintiffs'

allegations show that they suspected that they had a claim concerning their BHR device, and sought

out legal representation in connection with their suspicions. *See Cox*, 2000 WL 1160486, at *3

("When a plaintiff consults an attorney 'precisely because she wishe[s] to explore her legal

remedies,' the plaintiff has presumptive notice of her claim and the one-year period begins.").

_Finally_, Plaintiffs' further allegation that the specific lawyers they contacted said they were

not presently suing S&N or investigating the BHR or a device with the same serial number, does

not gain Plaintiffs any further delay.[5]  The decision in *Gutierrez v. Mofid*, 705 P.2d 886, 888–91

(Cal. 1985), is on point.  There, the California Supreme Court held that plaintiff was on inquiry

notice by the time she contacted attorneys, and the attorneys' inaccurate advice that she did not

have a claim did not extend the limitations period.  The California Supreme Court explained that

"for purposes of the statute of limitations, the risk that discouraging legal advice will lead to loss

of a cause of action must fall upon the plaintiff who obtains that advice, rather than upon a wholly

uninvolved defendant." *Id.* at 890-91.  ("Insofar as 'constructive notice' and 'diligent

---

[5] Plaintiffs in 9 cases submitted identical amended allegations stating that they were told "the BHR device was not a device the attorneys were investigating, or the serial number on the device did not match a device the attorneys were investigating." *See* [Doc. 1339] ¶ 21; [Doc. 1342] ¶ 14; [Doc.1346] ¶ 14; [Doc. 1347] ¶ 14; [Doc. 1348] ¶ 15; [Doc. 1351] ¶ 14; [Doc. 1363] ¶ 14; [Doc.1364] ¶ 15; [Doc. 1365] ¶ 15. *See* Exhibit B, hereto.  The remaining three complaints included similar allegations with minor variations. *See* [Doc. 1340] ¶ 21 (Plaintiff Smith-Clark "was told the attorneys were not investigating any claims against Smith & Nephew related to the BHR device," "the BHR device she had implanted did not match any of the devices the firms were currently investigating," and "the attorneys were not pursuing claims against Smith & Nephew for the BHR device due to the FDA approval process."); [Doc. 1341] ¶ 21 (Plaintiff Jobe "was told the attorneys were not investigating any claims against Smith & Nephew related to the BHR device," "only cases involving a femoral stem were being investigated," and "the attorneys were not pursuing claims against Smith & Nephew for the BHR device due to the FDA approval process."); [Doc. 1357] ¶ 16 (Plaintiff Kwatra "was told the BHR was not a device the attorneys were investigating or a case they could assist him to pursue."); *see also* Exhibit B, hereto.

investigation' affect the computation of the limitations period, the plaintiff is generally charged with the lapses of attorneys acting in his behalf.").

Moreover, once Plaintiffs suspected their injury was wrongfully caused, as they necessarily were by the time they contacted attorneys regarding a potential lawsuit, they were required to investigate "all potential causes of [their] injury." *Fox*, 110 P.3d at 921. A reasonably diligent investigation would have revealed the existence of BHR suits filed by others by the time Plaintiffs sought legal representation to file their own lawsuits.[6] Indeed, in *Jolly*, 751 P.2d at 928–29, the California Supreme Court held that a claim was time-barred because, at the time plaintiff admitted that she had suspicion of her cause of action more than a year before filing suit, "a timely investigation would have disclosed numerous articles concerning DES and many DES suits filed throughout the country alleging wrongdoing." *Id.* at 929.

Under California law, the discovery rule delays accrual only until plaintiffs had reason to suspect the basis of their cause of action. *See Fox*, 110 P.3d at 920; *see also Jolly*, 751 P.2d at 930 ("[T]he limitations period begins when the plaintiff suspects, *or should suspect*, that she has been wronged.") (emphasis added). Because Plaintiffs' allegations in their amended SFCs establish that they suspected the basis for their cause of action more than two years before they filed their complaints, their claims are time-barred.

---

[6] *E.g.*, *Comella v. Smith & Nephew, Inc.*, No. 13 C 1850, 2013 WL 6504427, at *1 (N.D. Ill. Dec. 11, 2013); *Frederick v. Smith & Nephew, Inc.*, No. 1:13 CV 1220, 2013 WL 6275644, at *1 (N.D. Ohio Dec. 4, 2013); *Elmore v. Smith & Nephew, Inc.*, No. 12 C 8347, 2013 WL 1707956, at *1 (N.D. Ill. Apr. 19, 2013); *Gale v. Smith & Nephew, Inc.*, 989 F. Supp. 2d 243, 246 (S.D.N.Y. 2013); *Tillman v. Smith & Nephew, Inc.*, No. 12 C 4977, 2012 WL 6681698, at *1 (N.D. Ill. Nov. 1, 2012).

## **CONCLUSION**

For these reasons, the following Complaints should be dismissed as untimely under California law:

(1) *Bill Bouman v. Smith & Nephew, Inc.*, Case No. 1:17-cv-02592;

(2) *Lydia Constantini v. Smith & Nephew, Inc.*, No. 1:17-cv-01982;

(3) *Kathleen Davis v. Smith & Nephew, Inc.,* No. 1:17-cv-02617;

(4) *Ellen Franklin v. Smith & Nephew, Inc.*, No. 1:17-cv-02560;

(5) *Sherry Lynn Jobe v. Smith & Nephew, Inc.*, No. 1:17-cv-02624;

(6) *Harpaul Kwatra v. Smith & Nephew, Inc.*, No. 1:18-cv-02436;

(7) *Rodney Little v. Smith & Nephew, Inc.*, No. 1:17-cv-02607;

(8) *Tanha Luvaas v. Smith & Nephew, Inc.*, No. 1:17-cv-02548;

(9) *Deborah Schnick v. Smith & Nephew, Inc.*, No. 1:17-cv-02406;

(10) *Sheila Smith-Clark v. Smith & Nephew, Inc.*, No. 1:17-cv-02633;

(11) *Sherry Stoll v. Smith & Nephew, Inc.*, No. 1:17-cv-02402; and

(12) *David Warner v. Smith & Nephew, Inc.*, No. 1:17-cv-02385.

Dated:  June 4, 2018                                    Respectfully Submitted,


                                                       */s/ Sara J. Gourley*

Kim E. Moore                          Sara J. Gourley
David O'Quinn                         Jana D. Wozniak
IRWIN FRITCHIE URQUHART & MOORE LLC   SIDLEY AUSTIN LLP
400 Poydras St. #2700                 One South Dearborn
New Orleans, Louisiana 70130          Chicago, Illinois  60603
jirwin@irwinllc.com                   sgourley@sidley.com
kmoore@irwinllc.com                   jwozniak@sidley.com
doquinn@irwinllc.com                  Tel.: (312) 853-7000
Tel.: (504) 310-2100                  Fax: (312) 853-7036
Fax: (504) 310-2101

Terri S. Reiskin
DYKEMA GOSSETT PLLC
1301 K Street NW, Suite 1100 West
Washington, DC  20005
treiskin@dykema.com
Telephone: (202) 906-8600

Paul J. Zidlicky
Jennifer J. Clark
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
pzidlicky@sidley.com
Tel.: (202) 736-8000
Fax: (202) 736-8711

*Counsel for Defendant Smith & Nephew, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Sara J. Gourley, hereby certify that on this 4th day of June, 2019, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

<em>/s/ Sara J. Gourley</em>