# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>*Bill Bouman v. Smith & Nephew, Inc.*, Case No. 1:17-cv-02592;<br>*Lydia Constantini v. Smith & Nephew, Inc.*, No. 1:17-cv-01982;<br>*Kathleen Davis v. Smith & Nephew, Inc.*, No. 1:17-cv-02617;<br>*Ellen Franklin v. Smith & Nephew, Inc.*, No. 1:17-cv-02560;<br>*Sherri Lynn Jobe v. Smith & Nephew, Inc.*, No. 1:17-cv-02624;<br>*Harpaul Kwatra v. Smith & Nephew, Inc.*, No. 1:18-cv-02436;<br>*Rodney Little v. Smith & Nephew, Inc.*, No. 1:17-cv-02607;<br>*Tanha Luvaas v. Smith & Nephew, Inc.*, No. 1:17-cv-02548;<br>*Deborah Schnick v. Smith & Nephew, Inc.*, No. 1:17-cv-02406;<br>*Sheila Smith-Clark v. Smith & Nephew, Inc.*, No. 1:17-cv-02633;<br>*Sherry Stoll v. Smith & Nephew, Inc.*, No. 1:17-cv-02402;<br>*David Warner v. Smith & Nephew, Inc.*, No. 1:17-cv-02385 |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO SMITH & NEPHEW'S MOTION TO DISMISS CERTAIN CLAIMS AS TIME-BARRED UNDER CALIFORNIA LAW PURSUANT TO RULE 12(B)(6)

Plaintiffs, Bill Bouman, Lydia Constantini, Kathleen Davis, Ellen Franklin, Sherri Lynn Jobe, Harpaul Kwatra, Rodney Little, Tanha Luvaas, Deborah Schnick, Sheila Smith-Clark, Sherry Stoll, and David Warner submit the following Response in opposition to

Defendant Smith & Nephew, Inc.'s Motion to Dismiss Certain Claims as Time Barred under California Law (Smith & Nephew's Motion").

## FACTUAL BACKGROUND

In its November 19, 2018 Order, this Honorable Court allowed Plaintiffs to amend their Complaints "to reflect the time and manner of their discovery of the harm." *See* Nov. 19, 2018 Memorandum Opinion [Doc. 1190] ("Memorandum") at 12. Citing the California Supreme Court's decision in *Fox v. Ethicon*, the Court held that in order to invoke California's discovery rule, a "plaintiff must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.[1] *See* Memorandum at 11. Citing the California Court of Appeals decision in *E-Fab, Inc. v. Accountants, Inc. Services*, the Court further held that the first prong required plaintiffs to allege facts showing the time and circumstances surrounding the discovery of the cause of action upon which they relied.[2] *See* Memorandum at 11. Pursuant to the Court's Order, on January 21 and 22, 2019, Plaintiffs, Bill Bouman, Lydia Constantini, Kathleen Davis, Ellen Franklin, Sherri Lynn Jobe, Harpaul Kwatra, Rodney Little, Tanha Luvaas, Deborah Schnick, Sheila Smith-Clark, Sherry Stoll, and David Warner timely filed Amended Short Form Complaints. At the Court's direction, Plaintiffs' Amended Complaints pled facts sufficient to invoke California's discovery rule, specifically their exercise of due diligence and the time and manner of their discovery.[3]

---

[1] *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920-21 (Cal. 2005).

[2] *E-Fab, Inc. v. Accountants, Inc. Services,* 153 Cal. App. 4th 1308, 1324 (Cal. Ct. App. 2007)

[3] *See* (1) Kathleen Davis Amended Short Form Complaint ("ASFC") [Doc. 1339] at 19-23; (2) Sheila Smith-Clark ASFC [Doc. 1340] at 19-23; (3) Sherri Jobe ASFC [Doc. 1341] at 19-23; (4) Tanha Luvaas ASFC [Doc. 1342] at 13-16; (5) Bill Bouman ASFC

In its motion, Smith & Nephew does not dispute that Plaintiffs have pled facts sufficient to invoke California's discovery rule. To the contrary, they spuriously argue that in light of the facts pled by Plaintiffs, this Court should reverse itself and rule on the timeliness of a claim subject to California's discovery rule at the motion to dismiss stage without the necessary fact intensive and Plaintiff-specific inquiry. For these reasons, this Court should deny Smith & Nephew's Motion.

### LEGAL ARGUMENT

This Court already addressed this issue presented here in its ruling on Smith & Nephew's previous motion seeking to dismiss time-barred claims under 12(b)(6). *See* Smith and Nephew's Motion to Dismiss Certain Time Barred Claims Doc [795]. The Court stated unequivocally that it "generally will not rule on the timeliness of any claim subject to a discovery rule, ***because the determination of when a claim accrues under a discovery rule is fact-intensive, and therefore unsuited to decision at the motion to dismiss stage.***" *See* Memorandum at 1. The Court further held that California's discovery rule necessitates a fact-intensive inquiry, which cannot be answered based on the face of the Plaintiffs' Complaint alone. *See* Memorandum at 6. Thus, Smith and Nephew's renewed motion to dismiss certain claims as time barred under California law fails procedurally and is contrary to the law of the case. As discussed below, it also fails substantively because conferring with an attorney does not per se trigger the discovery rule under California law, a

---

[Doc. 1346] at 13-16; (6) Lydia Constantini ASFC [Doc. 1347] at 13-16; (7) Ellen Franklin ASFC [Doc. 1348] at 14-17; (8) Rodney Little ASFC [Doc. 1351] at 13-16; (9) Harpaul Kwatra ASFC [Doc. 1357] at 15-18; (10) Deborah Schnick ASFC [Doc. 1363] at 13-16; (11) Sherry Stoll ASFC [Doc. 1364] at 14-17; (12) David Warner ASFC [Doc. 1365] at 13-16.

reasonable jury could conclude under the facts that plaintiffs were not on inquiry notice, and the discovery rule requires a fact-intensive inquiry for summary judgment or trial.

### A. Smith and Nephew's Motion to Dismiss Certain Claims as Time-Barred Under California Law Should be Denied as Procedurally Improper.

Smith & Nephew's Motion should be denied as procedurally improper. In its Motion, Smith & Nephew raises the affirmative defense of statute of limitations and asserts that the claims of all twelve of California resident Plaintiffs[4] who are the subject of its motion must be dismissed as untimely. In order to arrive at this conclusion Smith & Nephew invites the court to infer, based solely on the pleadings, that the twelve California Resident Plaintiffs were put on inquiry notice at the time they spoke with an attorney. Smith & Nephew contends that based solely on this inference the court should determine, without the need for a fact intensive inquiry, that California's discovery rule does not extend the limitations period and thus dismiss Plaintiff's claims as untimely on the face of the Complaint.

A Motion to Dismiss based on the expiration of the statute of limitations is analyzed under the rule governing motions to dismiss for failure to state a claim and as such requires that the Court decide solely on the pleadings and provides that Plaintiffs are entitled to the benefit of all inferences that can be derived from the facts alleged. *See Tripp v. Dep't of Defense*, 219 F. Supp. 2d 85 (citing *Doe v. U.S. Dep't of Justice*, 243 U.S. App. D.C. 354, 753 F.2d 1092, 1102 (D.C. Cir. 1985); *Kowal*, 16 F.3d at 1276). Fed. R. Civ. P. 12(b)(6).

---

[4] The Twelve California resident Plaintiffs are: Bill Bouman, Lydia Constantini, Kathleen Davis, Ellen Franklin, Sherri Lynn Jobe, Harpaul Kwatra, Rodney Little, Tanha Luvaas, Deborah Schnick, Sheila Smith-Clark, Sherry Stoll, and David Warner

Smith & Nephew ignores this well settled law and requests the Court infer from the facts alleged that the Plaintiffs were on "inquiry notice" as to their claims. *See id.* A motion to dismiss should not be granted unless it appears to "certainty" that nonmoving party would be entitled to no relief under any state of facts which could be proved in support of its claim if plaintiff's allegations in complaint are taken as true. *See Maldonado v. Nutri/Sys., Inc.*, 776 F.Supp. 278 (E.D.Va.1991)

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *See* F.R.C.P. 8(c); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). A motion to dismiss filed under Federal Rule of Procedure 12(b)(6) generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Only in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This conclusion is only appropriate if all facts necessary to the affirmative defense "clearly appear on the face of complaint." *Walker-Pittman v. Maryland Dep't of Transp.*, 2015 WL 419806, at *6 (D. Md. Jan. 29, 2015), aff'd., 671 F. App'x 873 (4th Cir. 2016). The instant action is not such a rare circumstance as all the facts necessary to the Smith & Nephew's affirmative statute of limitations defense are not apparent on the face of the complaint.

Smith & Nephew puts forth three cases to support its proposition that there motion is procedurally proper under Fourth Circuit Law. First, Smith & Nephew cites *Walker-Pittman*, but *Walker-Pitman* court held that it could (and did) extend its inquiry outside of the four corners of the complaint and consider documents attached to the defendant's

motion. Namely, the Court considered the Equal Employment Opportunity Commission ("EEOC") Charge filed by Plaintiff and attached to defendant's motion to dismiss. *See Walker-Pittman* at *6. Further, the Court in *Walker-Pitman,* was not dealing with a discovery rule issue as regards the statute of limitations but rather the issue of whether plaintiff could rely on the continuing tort doctrine to defeat the statute of limitations bar when alleging a discrete discriminatory act. *See Walker-Pittman* at *6.

Smith and Nephew then cites *Douglass v. NTI-TSS, Inc.* There, in examining whether the plaintiff has stated a valid claim for relief, the *Douglass* court went outside the four corners of the complaint to consider a March 2006 letter defendant appended to its motion. The court held that because plaintiff had notice of the document used by the defendant in a the motion, did not dispute its authenticity, and relied on it in framing the complaint, the court could consider the letter without the motion to dismiss being converted into a summary judgment motion. *See Douglass v. NTI-TSS, Inc.*, 632 F. Supp. 2d 486, 490 (D. Md. 2009).

Lastly, Smith & Nephew misplaces reliance on *Gregoriou* v. *Explosives Experts Inc.* In *Gergoriou,* plaintiff's pled that they suffered property damage in 2002 (five years prior to filing suit) due to *explosions* that "produced violent concussions and vibrations of the earth and air which shook the property and residence of Plaintiffs, causing damage to the foundation of the residence and the whole structure, including its walls, windows, ceilings, chimneys, floors, walkways, driveways, doorways, and rendered the same unsafe or damaged. *See Gregoriou v. Explosives Experts, Inc.*, No. CIV. CCB-08-384, 2008 WL 3989183, at *2 (D. Md. Aug. 25, 2008).

Smith & Nephew has failed to cite any case to stand for its proposition that in deciding a motion to dismiss, based solely on the pleadings, and without a fact intensive inquiry, it is proper determine the application of a state's discovery rule with regards to when a Plaintiff was placed on inquiry notice thereby triggering the accrual on his/her statute of limitations.

### B. Smith and Nephew's Motion should be Denied as Substantively Improper.

Smith & Nephew's motion also fails under Rule 12(b)(6) because Smith & Nephew has not met its burden by simply citing California's decisions about the discovery rule and asserting that each plaintiff's conversation with an attorney began the statute of limitations clock as a matter of law.

Smith & Nephew's Motion to Dismiss is akin to a demurrer under California Law. *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1315, 64 Cal. Rptr. 3d 9, 13 (2007). Because Smith & Nephew has made a Rule 12(b)(6) motion, this Court must accept Plaintiffs' allegations as true. *Turner v. City of County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015). The caes of *Fox v. Ethicon Endo-Surgery, Inc.*, provides particularly useful guidance for this litigation.  Unlike many other discovery rule cases, *Fox* arose on demurrer rather than on summary judgment where a complete factual record had been developed. In *Fox*, the plaintiff sued for medical malpractice and first found out at the doctor's deposition that her injuries resulted from a defective stapler that created a hole in her intestine. 35 Cal.4th 797, 811 110 P.3d 914, 923 (2005). The stapler manufacturer who was added as a defendant after this was discovered demurred based on the statute of limitations. The Court held that the amendment plaintiff proposed, to set out specifically when and how she discovered that the stapler caused her injury, would support

her allegation that she did not suspect, and had no reason to discover, that a defective product caused her injury. *Id*. The Court further held that ignorance of wrongdoing will delay accrual because wrongdoing is essential to a cause of action. *Id.* at 813.

In addition, in *Fox v. Ethicon Endo-Surgery, Inc.*, the California Supreme Court held that California's discovery rule, required a more fully developed factual basis for determining when and how the plaintiff discovered an injury, whether the plaintiff conducted a reasonable investigation, when such an investigation would have brought to light the factual basis for the cause of action for which the plaintiff sought delayed accrual, and whether the plaintiff could have discovered the factual basis for a cause of action earlier by exercising reasonable diligence. 35 Cal. 4th 797, 810, 110 P.3d 914, 922 (2005).

That is because California law favors determining cases on their merits. *Norgart v. Upjohn Co*. (1999) 21 Cal.4th 383, 396; *Barrington v. A.H. Robins Co*. (1985) 39 Cal.3d 146, 152. While statutes of limitations have valid policy underpinnings, California has recognized that applying statutes of limitations where plaintiffs do not know that wrongdoing has caused them harm creates harsh results. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1116, 751 P.2d 923, 932 (1988). Thus, under the discovery rule, the cause of action does not accrue, and the statute of limitations does not start running, until the plaintiff has notice of facts indicating an injury and a wrongful cause of that injury. *Id.* at 1109

In their Master Amended Consolidated Complaint ("MACC") the allegations of which were are adopted in their respective Amended Short Form Complaints, Plaintiffs have alleged that the recall announcement by the FDA should be the earliest possible accrual date (or the revision date if was later) and provided facts that support these

contentions. *See*, e.g., MACC at ¶¶ 62, 72-74, 79, 113, 255, 268, 369, 461. Smith & Nephew does not address how the recall affects the legal injury Plaintiffs suffered under the law of California where Plaintiffs reside, which is a case-specific analysis performed after individual discovery. Many courts have ruled that a recall triggers the statute, even if the physical injury occurred before the recall. The reasoning common to these cases applies here. That is, before a recall, Plaintiffs could not have known that the device was the legal cause of their injury, or that the manufacturer's statements about the product were false, misleading, and/or did not properly warn about the dangers of the device. *See, e.g.*, *Jeffries v. Boston Scientific Corp.*, No. RWT 15-cv-3480, 2017 WL 2645723, at *2 (D. Md. June 20, 2017) (recall date triggered statute of limitations accrual*); Nicolosi v. Smith & Nephew, Inc.*, No. L01256-13, 2017 WL 632274, at *3 (N.J. Super. Ct. App. Div. Feb. 16, 2017) ("The discovery rule was triggered by the May 3 and August 1, 2011 recall notices.").[5] Given Plaintiffs' allegations regarding the recall and ongoing tortious conduct, Smith &

---

[5] *See also e.g.*, *Creamer v. Motors*, No. 16-4045-SAC, 2016 WL 3197379, at *2 (D. Kan. May 18, 2016) (statute of limitations in products liability action ran from date of recall, not date of accident); *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 111 F. Supp. 3d 79, 86 (D. Mass. 2015); *In re Chantix (Varenicline) Prods. Liab. Litig.,* 881 F. Supp. 2d 1333, 1343 (N.D. Ala. 2012) (label change*); Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965, at *4 (S.D. Ohio June 17, 2008) ("Plaintiffs have alleged in their complaint that the earliest date on which they should have known that Madison's injury and death was caused by exposure to Paxil was in September 2005, when GSK changed Paxil's warning label. Assuming, as the Court is required to do, that the allegations in Plaintiff's complaint are true, the cause of action accrued in September of 2005."); *Lee v. Wolfson*, 265 F. Supp. 2d 14, 19 (D.D.C. 2003) (holding that question of whether products liability cause of action accrued at time of recall was a question for the jury, despite prior injury); *In re Bridgestone/Firestone, Inc.*, 200 F. Supp. 2d 983, 989-90 (S.D. Ind. 2002; *Strickland v. Gen. Motors Corp.*, 852 F. Supp. 956, 960 (D. Utah 1994), recognized as abrogated on other grounds, *Misener v. Gen. Motors Corp.*, 924 F. Supp. 130, 132, n. 1 (D. Utah 1996).

Nephew cannot show, as a matter of law, that the date Plaintiffs spoke with an attorney constitutes the accrual date for the statute of limitations.

*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 897 held that "the uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim." *Fox* and *Norgart* (*supra*) explained that this meant the plaintiff must have learned facts essential to the generic elements of wrongdoing, causation and harm. *Norgart v. Upjohn Co*. (1999) 21 Cal.4th 383, 396. Plaintiff must know facts showing a wrong was done and that it harmed plaintiff. *Id.* While Plaintiffs may be charged with information that a reasonable investigation would show, plaintiffs are required to conduct a reasonable investigation only after becoming aware of an injury. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 810, 110 P.3d 914, 922 (2005) The discovery rule only requires that a plaintiff who suspects a wrongfully caused injury investigate, or be charged with what an investigation shows. *Id.* at 808.

When a plaintiff reasonably should have discovered facts for purposes of accrual of a cause of action or application of the delayed discovery rule is generally a question of fact. *Id.* at 810. It is properly decided as a matter of law only if the evidence, or on demurrer, the allegations and judicially noticeable facts, can support only one reasonable conclusion. *Broberg v. Guardian Life Ins. Co. of America* 171 Cal.App.4th 912, 921. (2009) In *Johns Hopkins v. Hutton* the Fourth Circuit held that when, a jury has been demanded and the facts give rise to conflicting inferences on the issue of reasonable diligence, the question must be submitted to the jury. *See Johns Hopkins Univ. v. Hutton*, 422 F.2d 1124, 1130-31 (4th Cir. 1970).

In this case, the facts as pled give rise to more than one reasonable conclusion under the discovery rule. However, when viewed in the in the light most favorable to the Plaintiffs, the allegations do not reasonably establish Plaintiffs had notice of Smith & Nephew's wrongdoing before the September 10, 2015 recall date. Plaintiffs have pled the facts showing when and how they discovered their claim and facts showing why they had no prior notice.[6] Under a Rule 12(b)(6) standard, these well-pled facts are deemed true, and Smith & Nephew cannot meet its burden of dismissal.

Ultimately, the statute of limitations defense is a fact-intensive inquiry that turns on the nuances of California law and discovery from the specific plaintiff, the plaintiff's surgeon, and Smith & Nephew. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Therefore, Plaintiffs' claims are sufficiently pled within the statute of limitations.

## **CONCLUSION**

For these reasons, this Court should deny Smith & Nephew's Motion.

Dated: June 19, 2019                                         Respectfully Submitted,

/s/ Robert K. Jenner
Robert K. Jenner
JENNER LAW, P.C.
1829 Reisterstown Road, Suite 350
Baltimore, Maryland 21208
Phone: 410-413-2155
Facsimile: 410-982-0122
rjenner@jennerlawfirm.com

---

[6] Further, Plaintiffs contend that they have sufficiently alleged that Smith & Nephew actively concealed the truth about the BHR from patients and engaged in a campaign to convince patients, their doctors, and even ***lawyers*** that all claims against the company were entirely preempted and that the BHR was different than other metal-on-metal hips. These acts of concealment and deception prevented filing of an earlier complaint. *See* MACC ¶¶ 102, 103, 265-271.

> Jasper D. Ward IV
> JONES WARD PLC
> The Pointe
> 1205 E. Washington St., Suite 111
> Louisville, Kentucky 40206
> jasper@jonesward.com
> Phone: (502) 882-6000
> Facsimile: (502) 587-2007
>
> Whitney J. Butcher
> WHITLEY LAW FIRM
> 3301 Benson Drive, Suite 120
> Raleigh, NC 27609
> Telephone: (919) 785-5000
> Facsimile: (919) 785-3729
> Email: wjb@whitleylawfirm.com
>
>
> *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Robert K. Jenner, hereby certify that on this 19th day of June 2019, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Robert K. Jenner
*Robert K. Jenner*