**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| IN RE SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>*Bill Bouman v. Smith & Nephew, Inc.*, Case No. 1:17-cv-02592;<br>*Lydia Constantini v. Smith & Nephew, Inc.*, No. 1:17-cv-01982;<br>*Kathleen Davis v. Smith & Nephew, Inc.*, No. 1:17-cv-02617;<br>*Ellen Franklin v. Smith & Nephew, Inc.*, No. 1:17-cv-02560;<br>*Sherry Lynn Jobe v. Smith & Nephew, Inc.*, No. 1:17-cv-02624;<br>*Harpaul Kwatra v. Smith & Nephew, Inc.*, No. 1:18-cv-02436;<br>*Rodney Little v. Smith & Nephew, Inc.*, No. 1:17-cv-02607;<br>*Tanha Luvaas v. Smith & Nephew, Inc.*, No. 1:17-cv-02548;<br>*Deborah Schnick v. Smith & Nephew, Inc.*, No. 1:17-cv-02406;<br>*Sheila Smith-Clark v. Smith & Nephew, Inc.*, No. 1:17-cv-02633;<br>*Sherry Stoll v. Smith & Nephew, Inc.*, No. 1:17-cv-02402;<br>*David Warner v. Smith & Nephew, Inc.*, No. 1:17-cv-02385 |

**SMITH & NEPHEW, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS CERTAIN CLAIMS AS TIME-BARRED UNDER CALIFORNIA LAW
PURSUANT TO RULE 12(b)(6)**

In amending their short form complaints to attempt to allege facts sufficient to invoke California's discovery rule, Plaintiffs candidly allege that they consulted with attorneys about the possibility of a legal claim related to the BHR device more than two years before they filed their

1

lawsuit. Accordingly, the statute of limitations began to run on Plaintiffs' claims more than two years before they each filed suit, and their claims should be dismissed as time-barred.

As shown in Part I, dismissal of these cases under Rule 12(b)(6) is *procedurally* proper because the expiration of the statute of limitations is apparent from the face of Plaintiffs' complaints. Contrary to Plaintiffs' assertions, the existence of a discovery rule does not shield them from dismissal. Indeed, the Court has dismissed other plaintiffs' claims, which were subject to discovery rules, because they alleged facts establishing that the claims were untimely.

As shown in Part II, dismissal of the Plaintiffs' Amended Short Form Complaints is *substantively* warranted because Plaintiffs affirmatively allege facts showing that they were on inquiry notice—*i.e.*, they "ha[d] reason at least to suspect a factual basis" for the elements of their cause of action—more than two years before filing suit. *See Fox v. Ethicon*, 110 P.3d 914, 920 (Cal. 2005). "When a plaintiff consults an attorney 'precisely because she wishe[s] to explore her legal remedies,' the plaintiff has presumptive notice of her claim and the [limitations] period begins." *Cox v. Depuy Motech, Inc.*, No. 95-CV-3848-L(JA), 2000 WL 1160486, at *3 (S.D. Cal. Mar. 29, 2000) (quoting *Gutierrez v. Mofid*, 705 P.2d 886, 889 (Cal. 1985)). Plaintiffs' claims are untimely because they allege that more than two years before filing suit they were injured, required revision surgery and contacted attorneys to explore legal claims concerning the BHR device, thus showing that they "suspect[ed] . . . that they had been wronged." *Jolly v. Eli Lilly & Co.*, 751 P.2d 932, 929 (Cal. 1988).

## **ARGUMENT**

**I.   DISMISSAL OF PLAINTIFFS' CLAIMS AS TIME-BARRED IS APPROPRIATE PURSUANT TO RULE 12(b)(6).**

Plaintiffs first argue, erroneously, that Smith & Nephew's Motion to Dismiss "should be denied as procedurally improper" and "contrary to the law of the case." Plaintiffs' Response in

2

Opposition to Smith & Nephew's Motion to Dismiss Certain Claims As Time-Barred Under California Law Pursuant to Rule 12(b)(6) [D.E. 1623] at 4 ("Plaintiffs' Response") (bold typeface omitted).  Neither argument is persuasive.

**First**, as a procedural matter, Rule 12(b)(6) authorizes dismissal of time-barred claims.  As explained in *Douglass v. NTI-TSS, Inc.*, 632 F. Supp. 2d 486 (D. Md. 2009), "Rule 12(b)(6) motions to dismiss may properly raise statute of limitations defenses where the defense is apparent from the face of the complaint."  *Id.* at 491.  Although Plaintiffs now insist that such a dismissal is procedurally improper, *see* Plaintiffs' Response 4-7, they previously acknowledged that a statute of limitations defense "may be reached by a motion to dismiss under Rule 12(b)(6)" where "plaintiffs allege in their complaint facts sufficient to rule on an affirmative defense."  Plaintiffs' Opp. to Smith & Nephew's Motion to Dismiss Certain Time-Barred Claims, [D.E. 853] at 3.  In fact, this Court has dismissed claims brought by plaintiffs pursuant to Rule 12(b)(6) based upon allegations set forth in Plaintiffs Master Amended Consolidated Complaint ("MACC") and Plaintiffs' Short Form Complaints.  *See* Memorandum [D.E. 1190] at 2 ("Memorandum") (explaining that court may consider motion to dismiss based upon statute of limitations "'where the defense is apparent from the face of the complaint'") (quoting *Wright v. U.S. Postal Serv.*, 305 F. Supp. 2d 562, 563 (D. Md. 2004)).

Plaintiffs mistakenly argue that *Douglas* and *Walker-Pitman* v. *Maryland Dep't of Transp.*, No. Civ CCB-14-202, 2015 WL 419806 (D. Md. Jan. 29, 2015), *aff'd*, 671 F. App'x 873 (4th Cir. Dec. 21, 2016), are distinguishable because the courts there considered matters outside the pleadings.  *See* Plaintiffs' Response at 5-6 (the "Walker-Pitman court held that it could (and did) extend its inquiry outside of the four corners of the complaint and consider documents attached to the defendant's motion"); *id.* at 6 ("the *Douglass* court went outside the four corners of the complaint

to consider a March 2006 letter defendant appended to its motion"). That supposed distinction is irrelevant to Smith & Nephew's motion, because Smith & Nephew does not ask the Court to look beyond the allegations set forth in Plaintiffs' Amended Short Form Complaints. Rather, those Complaints, on their face, affirmatively allege facts that confirm that Plaintiffs were, as a matter of California law, on "inquiry notice," more than two years before filing suit.[1]

**Second**, Plaintiffs are mistaken when they argue that Smith & Nephew's motion "is contrary to the law of the case." Plaintiffs' Response at 3. Plaintiffs point to this Court's statement that it "*generally* will not rule on the timeliness of any claim subject to a discovery rule." *Id.* (quoting Memorandum at 1 (emphasis added)). But that statement does not resolve the issues presented in Smith & Nephew's motion. *See* 18B Charles Alan Wright & Arthur A. Miller, *Fed. Prac. & Proc.* § 4478 (2d ed. 2019) ("Law of the case does not reach a matter that was not decided"). Indeed, in that same Memorandum, the Court dismissed claims in this MDL that admittedly were subject to "discovery rules" where Plaintiffs' allegations nevertheless showed that the claims were time-barred. For example, the Court (1) explained that New York has a discovery rule "triggered by the discovery of symptoms rather than the discovery of the symptoms' cause," Memorandum [D.E. 1190] at 4 n.5, and (2) dismissed claims brought under New York law because "a determination of whether claims arising from [New York] are timely may be made on the face

---

[1] Plaintiffs' attempt to distinguish *Gregoriou v. Explosives Experts, Inc.*, No. CIV. CCB-08-384, 2008 WL 3989183 (D. Md. Aug. 25, 2008), fares no better. *See* Plaintiffs' Response at 6. Plaintiffs offer no argument with regard to *Gregoriou* other than to describe the facts of the case, emphasizing that the plaintiffs were on inquiry notice of their property damage claim because of explosions near their property. *Id.* Plaintiffs thus do not and cannot deny that *Gregoriou* demonstrates that claims subject to a discovery rule may be dismissed on a Rule 12(b)(6) motion. Here, as in *Gregoriou*, it is apparent "[b]ased on the facts alleged in the complaint" that the alleged physical injury (in this case, elevated metal ion levels requiring revision surgery to remove the BHR device) occurred and was known to Plaintiffs, and Plaintiffs had at least reason to suspect, and in fact did suspect, that they had a claim when they contacted attorneys to investigate legal claims involving the BHR. *See* 2008 WL 3989183 at *2.

of the plaintiffs' complaints notwithstanding the state's discovery rule," *id*. at 20.  Likewise, the Court dismissed complaints invoking four other states' laws (Louisiana, Tennessee, Utah and California) even though each of those states has a discovery rule.  *Id.* at 4-5.  It did so because Plaintiffs' allegations demonstrated that, notwithstanding the discovery rule, the complaints were filed outside of the limitations period under each state law at issue.  *Id*.

As discussed in Part II, below, the same outcome is warranted here.  Plaintiffs' Amended Short Form Complaints allege that Plaintiffs were aware of physical injuries from the BHR, including metallosis and/or elevated metal ion levels, even before their BHR revision surgeries.  *See* Smith & Nephew's Memorandum in Support of Motion to Dismiss Certain Claims As Time-Barred Under California Law Pursuant to Rule 12(b)(6) [D.E. 1588-1] ("Smith & Nephew's Motion") at 5-6 & n. 4 & Ex. B [D.E. 1588-3] ("Ex. B").  According to Plaintiffs, those injuries made their revision surgeries "medically necessary." *Id.*  And, after this Court ruled that "plaintiffs have not adequately pleaded facts to establish the time and manner of discovery," Memorandum at 12, Plaintiffs filed Amended Short Form Complaints alleging that they contacted attorneys about bringing possible claims regarding the BHR device more than two years before they filed suit.  Smith & Nephew's Motion at 5-6 & n.4 & Ex. B.  As addressed in Section II, these allegations show that, under California law, Plaintiffs "ha[d] reason at least to suspect a factual basis" for their cause of action, *Fox*, 110 P.3d at 920, more than two years before they actually filed suit.  Dismissal under Rule 12(b)(6) thus is procedurally warranted because Smith & Nephew's statute of limitations defense "'is apparent from the face of the complaint.'"  Memorandum at 2 (quoting *Wright*, 305 F. Supp. at 563).

5

**II.     PLAINTIFFS' ALLEGATIONS ESTABLISH THAT THEY HAD "INQUIRY NOTICE" MORE THAN TWO YEARS BEFORE FILING SUIT.**

On the merits, Plaintiffs fare no better. They argue that Smith & Nephew has "not met its burden by simply citing California's decisions about the discovery rule and asserting that each plaintiff's conversation with an attorney began the statute of limitations clock as a matter of law." Plaintiffs' Response 7. Specifically, they contend that "California law favors determining cases on their merits," and that "ignorance of wrongdoing will delay accrual because wrongdoing is essential to a cause of action." *Id.* at 8. Their arguments should be rejected.

**First**, under California law, dismissal of an untimely claim brought long after the plaintiff suspects or has reason to suspect the basis of her cause of action "is fully consistent with the policy of deciding cases on the merits as well as the policies underlying the statute of limitations." *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 928 (Cal. 1988). In *Jolly*, the California Supreme Court explained that "the fundamental purpose of the statute is to give defendants reasonable repose, that is, to protect parties from defending stale claims" while requiring "plaintiffs to diligently pursue their claims." *Id.* Accordingly, "[b]ecause a plaintiff is under a duty to reasonably investigate and because a suspicion of wrongdoing, coupled with a knowledge of the harm and its cause, will commence the limitations period, suits are not likely to be unreasonably delayed, and those failing to act with reasonable dispatch will be barred." *Id.* (emphasis omitted).

**Second**, under California law, the discovery rule "only delays accrual until the plaintiff has, or should have, *inquiry notice* of the cause of action." *Fox*, 110 P.3d at 920 (emphasis added) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 (1999)); *see* Smith & Nephew's Motion at 3. Further, "[i]nquiry notice" of a cause of action requires only that a plaintiff "*has reason at least to suspect* a factual basis for its elements." *Id.* (emphasis added). The discovery rule in California does not allow a plaintiff to avoid dismissal by arguing that she was "unaware of any specific facts

establishing wrongful conduct on the part of [the defendant]." *Jolly*, 751 P.2d at 923, 928 ("Once the plaintiff has a suspicion of wrongdoing and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her"). Rather, "[t]he discovery rule only delays accrual" until "a plaintiff has reason at least to suspect a factual basis for [the cause of action's] elements." *Fox*, 110 P.3d at 920; *see Norgart*, 21 Cal. 4th at 389.

As relevant here, "[w]hen a plaintiff consults an attorney 'precisely because she wishe[s] to explore her legal remedies,' the plaintiff has presumptive notice of her claim and the [limitations] period begins." *Cox v. Depuy Motech, Inc.*, No. 95-CV-3848-L(JA), 2000 WL 1160486, at *3 (S.D. Cal. Mar. 29, 2000) (quoting *Gutierrez*, 705 P.2d at 889).[2] Or, as the California Supreme Court explained in *Jolly*, "the limitations period begins when the plaintiff suspects . . . that she has been wronged." 751 P.2d at 928-29 (highlighting that plaintiff "was interested in 'obtaining more information' about [the drug at issue] because she wanted to 'make a claim'"). In their Response, Plaintiffs ignore *Cox* and nowhere address *Jolly*'s holding that the plaintiff's claim had accrued when she sought more information to make a claim related to the drug at issue in that case.

Here, Plaintiffs' affirmative allegations establish that they were on "inquiry notice," because they "ha[d] reason at least to suspect a factual basis" for the elements of their causes of action. *See Fox*, 110 P.3d at 920; *see also Norgart*, 21 Cal. 4th at 389; *Jolly*, 751 P.2d at 928. Plaintiffs have alleged that (i) they experienced metallosis and/or experienced elevated ion levels; *see, e.g.*, Smith & Nephew Motion, Ex. B at B-2 (¶ 11), (ii) those injuries made revision surgery

---

[2] *See also Tilley v. Pac. Gas & Elec. Co.*, 78 F.3d 595 (9th Cir. 1996) (unpublished) ("When a plaintiff consults an attorney "precisely because she wished to explore her legal remedies," the plaintiff has presumptive notice of her claim and the one-year period begins") (quoting *Gutierrez* 705 P.2d at 889).

for their BHR implant medically necessary; *id.*, and (iii) they consulted with attorneys about a "potential legal claim" concerning "the BHR device," *id.* at B-3 (¶ 14); *see also* Smith & Nephew's Motion at 5-6, n.4 & Exs A & B. All of these events occurred more than two years before they filed suit. *Id.* These allegations show that, more than two years before filing suit, Plaintiffs had "reason . . . to suspect, a factual basis" for the elements of their claims against Smith & Nephew. *Norgart*, 21 Cal. 4th at 389; *see Fox*, 110 P.3d at 921; *Jolly*, 751 P.2d at 927-29. Put simply, Plaintiffs' own allegations confirm that their claims are untimely because, more than two years before they filed suit, plaintiffs "suspect[ed] . . . that [they] had been wronged." *Jolly*, 751 P.2d at 929; *see also Cox*, No. 95-CV-3848-L(JA), 2000 WL 1160486, at *3.³

Plaintiffs argue that dismissal is unwarranted because of Smith & Nephew's alleged "acts of concealment and deception" were directed at "patients, their doctors, and **even lawyers**." Plaintiffs' Response at 11 n.6 (citing MACC ¶¶ 102, 103, 265-71) (emphasis in original). But none of the paragraphs identified alleges any effort to mislead lawyers, and Plaintiffs identify no duty to provide information to patients or the medical community. Indeed, the Court already has held that "plaintiffs' arguments for fraudulent concealment and equitable tolling impose requirements different from or in addition to FDA requirements and are therefore preempted." Memorandum at 3 [D.E. 1190]; *see also In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.,* 300 F. Supp. 3d 732, 745 (D. Md. 2018) ("Any claim that

---

³ Plaintiffs do not, and cannot, contend that their allegations that the lawyers they contacted were not presently suing S&N or investigating the BHR or a device with the same serial number gains them a further delay. *See* Smith & Nephew Motion at 7–8; *Gutierrez*, 705 P.2d at 888–91 (ruling that inaccurate advice from an attorney that plaintiff did not have a claim did not extend the limitations period, because "[i]nsofar as 'constructive notice' and 'diligent investigation' affect the computation of the limitations period, the plaintiff is generally charged with the lapses of attorneys acting in his behalf.").

Smith & Nephew had a duty to warn the general public or the medical community is, however, expressly preempted because there is no such parallel federal requirement.").[4]

**Finally**, Plaintiffs rely on a string of cases for the proposition that a product recall triggers the limitations period. Plaintiffs' Response at 8–9. But none of those cases involved plaintiffs' own affirmative allegations that, prior to the recall, the plaintiff was injured, knew that he or she was injured, had invasive surgery to remove the device that allegedly caused the injury, and then contacted attorneys for the purpose of seeking to file a lawsuit related to the explanted device.

Plaintiffs' allegations in their Amended Short Form Complaints confirm that they suspected the basis for their causes of action more than two years before they filed their complaints. Their claims are therefore time-barred and should be dismissed.

## CONCLUSION

For these reasons, and those set forth in Smith & Nephew's Motion to Dismiss, the following Complaints should be dismissed as untimely under California law:

    (1) *Bill Bouman v. Smith & Nephew, Inc.*, Case No. 1:17-cv-02592;

    (2) *Lydia Constantini v. Smith & Nephew, Inc.*, No. 1:17-cv-01982;

    (3) *Kathleen Davis v. Smith & Nephew, Inc.,* No. 1:17-cv-02617;

    (4) *Ellen Franklin v. Smith & Nephew, Inc.*, No. 1:17-cv-02560;

    (5) *Sherry Lynn Jobe v. Smith & Nephew, Inc.*, No. 1:17-cv-02624;

    (6) *Harpaul Kwatra v. Smith & Nephew, Inc.*, No. 1:18-cv-02436;

    (7) *Rodney Little v. Smith & Nephew, Inc.*, No. 1:17-cv-02607;

---

[4] In its decision addressing Smith & Nephew's prior Motion to Dismiss based upon the statute of limitations, the Court expressly rejected Plaintiffs' reliance upon "paragraphs 265-271 of the MACC" because those paragraphs allege only that "Smith & Nephew . . . lost PMA approval" and "fail[ed] to disclose information about the BHR device." Memorandum [D.E. 1190] at 23 n.11.

(8) *Tanha Luvaas v. Smith & Nephew, Inc.*, No. 1:17-cv-02548;

(9) *Deborah Schnick v. Smith & Nephew, Inc.*, No. 1:17-cv-02406;

(10) *Sheila Smith-Clark v. Smith & Nephew, Inc.*, No. 1:17-cv-02633;

(11) *Sherry Stoll v. Smith & Nephew, Inc.*, No. 1:17-cv-02402; and

(12) *David Warner v. Smith & Nephew, Inc.*, No. 1:17-cv-02385.

Dated:  July 3, 2019                                   Respectfully Submitted,

                                                                          */s/ Sara J. Gourley*

| | |
|---|---|
| Kim E. Moore | Sara J. Gourley |
| David O'Quinn | Jana D. Wozniak |
| IRWIN FRITCHIE URQUHART & MOORE LLC | SIDLEY AUSTIN LLP |
| 400 Poydras St. #2700 | One South Dearborn |
| New Orleans, Louisiana 70130 | Chicago, Illinois  60603 |
| jirwin@irwinllc.com | sgourley@sidley.com |
| kmoore@irwinllc.com | jwozniak@sidley.com |
| doquinn@irwinllc.com | Tel.: (312) 853-7000 |
| Tel.: (504) 310-2100 | Fax: (312) 853-7036 |
| Fax: (504) 310-2101 | |
| | |
| Terri S. Reiskin (Bar No. 05256) | Paul J. Zidlicky |
| DYKEMA GOSSETT PLLC | Jennifer J. Clark |
| 1301 K Street NW, Suite 1100 West | SIDLEY AUSTIN LLP |
| Washington, DC  20005 | 1501 K Street, N.W. |
| treiskin@dykema.com | Washington, DC 20005 |
| Telephone: (202) 906-8600 | pzidlicky@sidley.com |
| Fax: 855-216-7884 | Tel.: (202) 736-8000 |
| | Fax: (202) 736-8711 |

*Counsel for Defendant Smith & Nephew, Inc.*

**CERTIFICATE OF SERVICE**

    I, Sara J. Gourley, hereby certify that on this 3rd day of July, 2019, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

                                                   */s/ Sara J. Gourley*