IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: Smith & Nephew | * | MDL No. 2775 |
| Birmingham Hip Resurfacing | * | Master Docket No. 1:17-md-2775 |
| (BHR) Hip Implant Products | * | |
| Liability Litigation | * | Judge Catherine C. Blake |
| | * | |
| | * | This Document Relates To: |
| | * | All BHR Track Cases |

**MEMORANDUM AND ORDER**

Smith & Nephew filed a motion to compel the plaintiffs' responses to contention interrogatories and related requests for production of documents. (ECF 2181). The discovery requests seek information about the factual bases for several of the allegations in the Master Amended Consolidated Complaint and were directed to all BHR track plaintiffs. The contention interrogatories directed separately to the BHR track discovery pool plaintiffs also request additional information about their specific allegations of injury. The plaintiffs oppose the motion, arguing that the plaintiffs' lead counsel cannot respond to discovery on behalf of all plaintiffs in the BHR track, and in these circumstances contention discovery is premature before expert discovery is completed. Smith & Nephew has replied, and oral argument was heard on June 24, 2020.

First, the court agrees with the plaintiffs that it is not appropriate for the plaintiffs' counsel to respond to the discovery requests on behalf of all BHR track plaintiffs. This is a coordinated action, but not a class action. *See Essure Prod. Cases*, Case No. JCCP 4887, Order (1) Granting in Part Bayer's Objections to Referee's Recommended Orders 15 and 17 and (2) on Case Management Matters, at 7 (Cal. Super. Ct. August 22, 2019) (ECF 2192-1, Ex. A). Therefore, the contention discovery must be directed at, responded to, and signed by each individual plaintiff, a substantial burden considering that there are approximately 539 individual

1

plaintiffs in the BHR track represented by over 100 different law firms.[1]  (ECF 2194-1, Ex. A, List of Active BHR Track Cases); *see also McDougall v. Dunn,* 468 F.2d 468, 472 (4th Cir.1972) (responses must be signed by the party); *Trueman v. New York State Canal Corp.,* No. CIV.109-CV-049LEK/RF, 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010)[2] (while counsel may assist in preparing responses to contention interrogatories, the response belongs to and must be signed by the party).

Second, the court agrees that the contention discovery is premature.  The Federal Rules provide that "the court may order that the [opinion or contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33.  Because contention interrogatories are often burdensome and ask for the application of law to facts, "frequently they are deferred until after discovery has finished." *Par Pharm., Inc. v. TWi Pharm., Inc.*, No. CCB-11-2466, 2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) (Grimm, J.) ("Accordingly, it is not unusual for courts to order, as I do now, that answers to contention interrogatories may be deferred until the completion of expert discovery to minimize the burden on the responding party.").  Smith & Nephew cites to *Feinberg v. T. Rowe Price Grp., Inc.*, in which the court required the plaintiffs to respond to contention interrogatories after the close of fact discovery but before expert disclosures and discovery.  No. 17-CV-00427-JKB, 2019 WL 6497959, at *5 (D. Md. Dec. 3, 2019).  But as the plaintiffs point out, that case was a proposed class action.  *Id.* at *1.  This MDL, in contrast, is a coordinated action, and as discussed above, discovery must be answered individually.  This makes the proposed contention discovery significantly more burdensome, especially as to all BHR track plaintiffs, but still even if only required of all the discovery pool plaintiffs.

---

[1] During oral argument, the plaintiffs' counsel stated that there are 115 different law firms that represent the BHR track plaintiffs.
[2] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

Finally, and although Smith & Nephew is entitled eventually to receive the information it seeks, the court notes that the individual plaintiffs have already supplied extensive information via the plaintiff fact sheets, and Smith & Nephew will obtain expert discovery regarding general causation in a few weeks.  While this is not a substitute for contention discovery, the court must balance, on the one hand, Smith & Nephew's need for contention information and, on the other, the burden to the plaintiffs and the interest in conducting discovery as efficiently as possible.  Therefore, the court finds that contention discovery should be answered by the BHR track trial pool plaintiffs once those cases are selected.[3]  This way, contention discovery may be focused on the plaintiffs who will first proceed to trial.  As to those plaintiffs, Smith & Nephew will not have to wait for all expert discovery to be complete.

Accordingly, Smith & Nephew's motion (ECF 2181) is DENIED as to all BHR track plaintiffs and all BHR track discovery pool plaintiffs and is GRANTED as to the BHR track trial pool plaintiffs.  The plaintiffs must respond to Smith & Nephew's contention interrogatories and related requests for production of documents as to the BHR track trial pool plaintiffs by 30 days after the trial pool cases are selected.

So Ordered this 25th day of June, 2020.

/S/
Catherine C. Blake
United States District Judge

---

[3] The selection of BHR track trial pool cases is currently set for August 17, 2020, per the First Amended CMO No. 16.  (ECF 2171).