IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW<br>BIRMINGHAM HIP RESURFACING<br>(BHR) HIP IMPLANT PRODUCTS<br>LIABILITY LITIGATION | MDL-17-md-2775<br>Hon. Catherine C. Blake |
| *This Document Relates to:*<br>LORENZO BURNS,<br>    Plaintiff,<br>v.<br><br>SMITH & NEPHEW, INC.,<br>    Defendant | Case No.  1:20-cv-02352<br><br>*Direct-Filed Short Form Complaint* |

**THA TRACK SHORT FORM COMPLAINT FOR PLAINTIFFS WITH BHR CUPS, MODULAR FEMORAL HEADS AND STEMS (THA CASES NOT INVOLVING THE R3 METAL LINER)**

1. Plaintiff, LORENZO BURNS, states and brings this civil action involving a total hip arthroplasty ("THA") as part of the "THA Track" in MDL No. 2775, entitled *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*. Plaintiff is filing this Short Form Complaint pursuant to CMO No. 10, entered on September 24, 2018, by this Court.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff is a resident and citizen of Ohio and claims damages as set forth below.

3. Federal jurisdiction is based on diversity of citizenship.

4. The Federal District in which Plaintiff's initial implant took place: Ohio.

5. The Federal District in which Plaintiff's revision(s) surgeries took place: Ohio.

6. Plaintiff brings this action *[check the applicable designation]*:

    __X__   On behalf of himself

    _____   In a representative capacity as the _____ of the

_____ having been duly appointed as the _____ by the _____Court of _____.  A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

*[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

7. On or about April 5, 2007, Plaintiff underwent surgery during which a BHR system was implanted in Plaintiff's LEFT hip.   October 13, 2011, Plaintiff underwent surgery during which the <u>BHR Acetabular Cup</u> was explanted from Plaintiff's LEFT hip, and a conversion to a Smith and Nephew Synergy stem was performed along with the following non-BHR System component(s): <u>Smith and Nephew Femoral Component and Smith and Nephew Sleeve.</u>

8. Plaintiff's LEFT hip implant surgery was performed at Euclid Hospital, Euclid, Ohio, by Ulf Knothe, M.D.

9. Plaintiff underwent the following medically-indicated revision (or revisions) of the hip implant(s) on or about the following date (or dates): May 24, 2019. Plaintiff received the following hip components during the revision surgery (or surgeries<u>):  Smith & Nephew Birmingham HIP Dual Mobility XLPE Insert size 50/28 and Smith & Nephew Oxinium Femoral Head 28 MM OD -3.</u>

10. Plaintiff alleges the following complications and/or injuries as a result of the component(s) implanted in Plaintiff's hip(s), some or all of which made revision surgery medically necessary: <u>Painful left hip and poor function; failed left total hip replacement; cobalt</u>

<u>toxicity; osteolysis, pseudotumor with adverse local tissue reaction and destruction and detachment of abductor muscles.</u>

11. Plaintiff's revision surgery was performed by Dr. Nicolas Piuzzi at Cleveland Clinic, Cleveland, Ohio.

12. Plaintiff's revision surgery/surgeries resulted in the following intra-operative findings and/or diagnoses:

<u>Complex revision left total hip replacement, extensive exposure and resection of heterotopic ossification, revision left acetabulum to dual mobility construct, debridement of chronic wear debris and osteolysis, left proximal femoral debridement, left abductor muscle repair, left head exchange with dual mobility implant.</u>

13. Plaintiff adopts the allegations of the BHR-THA Master Amended Consolidated Complaint ("BHR-THA MACC") filed August 14, 2018, against Smith & Nephew, Inc.[1] and all amendments to the BHR-THA MACC:

Yes __X__   No _____

14. Notwithstanding the foregoing, Plaintiff does not adopt the following paragraphs of the BHR-THA MACC: _____.

15. Notwithstanding the foregoing, Plaintiff additionally alleges that:

_____

_____

_____

_____

---

[1] Plaintiffs have since voluntarily dismissed two additional defendants named in the BHR-THA MACC, Smith & Nephew plc and Smith & Nephew Ltd. Adoption of the BHR-THA MACC does not act as a means by which a plaintiff can sue these now-dismissed defendants or any other foreign defendants.

## ALLEGATIONS AS TO INJURIES

16. (a) Plaintiff claims damages as a result of (check all that are applicable):

__X__          INJURY TO HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

__X__          ECONOMIC LOSS

(b) ~~Plaintiff's spouse claims damages as a result of (check all that are applicable):~~

*[Cross out if not applicable.]*

_____          LOSS OF SERVICES

_____          LOSS OF CONSORTIUM

17. In addition to the allegations in the THA-MACC, Plaintiff alleges that [Plaintiff and/or Plaintiff's physician] (i) viewed and/or heard the following representations that Plaintiff alleges are false, misleading, incomplete, or otherwise were misrepresentation(s): In or about January 2009, Plaintiff and his friend Raymond King consulted with Dr. Crenshaw concerning hip replacement. At that time Plaintiff was not informed that the components selected for his total hip replacement were not FDA approved for use in that manner. Further, at this time Plaintiff was not warned of the potential for excessive metal debris, cobalt or chromium toxicity, metallosis, pseudotumor formation or early premature failure of the device, and (ii) relied upon those representations or misrepresentations as described in the THA-BHR MACC as well as in the following manner: Plaintiff relied on these representations in making his decision to undergo a total hip arthroplasty.

18. Defendant(s), by its/their actions or inactions, caused the injuries to Plaintiff as

alleged in the BHR-THA MACC.  Plaintiff additionally alleges that Defendant(s) caused his injuries as follows: <u>Painful left hip and poor function; failed left total hip replacement; cobalt toxicity; pseudotumor with involvement of deep capsular structures and external rotators; atrophy and necrosis of tissue; abductor muscles destruction/detachment; fluid in hip joint.</u>

## **DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

19. (If applicable) The following claims and allegations in the BHR-THA MACC are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

   __X__   COUNT I (Strict Products Liability, Design Defect and Failure to Warn)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__   COUNT II (Negligence and Negligent Failure to Warn)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__   COUNT III (Negligence Per Se)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__   COUNT IV (Breach of Express Warranty)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__   COUNT V (Breach of Implied Warranty)

   Specific state common law and statutory law that applies: Ohio

   __X__   COUNT VI (Negligent Misrepresentation)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__   COUNT VII (Unfair and Deceptive Trade Practices)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__   COUNT VIII (Fraudulent Concealment)

   Specific state common law and statutory law that applies: <u>Ohio</u>

   __X__    COUNT IX (Punitive Damages)

Specific state common law and statutory law that applies: <u>Ohio</u>

20. In addition to the above in paragraph 22, Plaintiff(s) assert that the facts as alleged in the BHR-THA MACC and as additionally alleged above support the following additional causes of action under applicable state law:

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant(s) as follows:

1. For compensatory damages;
2. Pre-judgment and post-judgment interest;
3. Statutory damages and relief of the state whose laws will govern this action;
4. Costs and expenses of this litigation;
5. Reasonable attorneys' fees and costs as provided by law;
6. Equitable relief in the nature of disgorgement; and
7. All other relief as the Court deems necessary, just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: 08/14/2020          Respectfully submitted,

/s/ Paula S. Bliss_____
Paula S. Bliss
BERNHEIM KELLEY BATTISTA & BLISS, LLC
4 Court Street
Plymouth, MA 02360
Telephone: (617) 865-3642
Facsimile: (617) 830-0379
Email: pbliss@bkbblaw.com
MA Bar: 652361