IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL 17-MD-2775<br>JUDGE CATHERINE C. BLAKE |
| This Document Relates to<br>THA TRACK CASES | Case No.: <u>1:20-cv-3312</u> |

### THA TRACK SHORT FORM COMPLAINT FOR PLAINTIFFS WITH BHR CUPS, MODULAR FEMORAL HEADS AND STEMS (THA CASES NOT INVOLVING THE R3 METAL LINER)

1. Joseph Michael Swaffar (hereinafter "Plaintiff") and his wife Argelia Swaffar (together "Plaintiffs"), state and bring this civil action involving a total hip arthroplasty ("THA") as part of the "THA TRACK" in MDL No. 2775, entitled *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation.* Plaintiffs are filing this Short Form Complaint pursuant to CMO No. 10, entered September 24, 2018 by this Court.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Joseph M. Swaffar and spouse Argelia Swaffer are residents and citizens of Fayetteville, Arkansas and claim damages as set forth below.

3. Federal jurisdiction is proper based on diversity of citizenship.

4. The Federal District in which Plaintiff's initial implants took place: Western District of Arkansas.

5. The Federal District in which Plaintiff's revision surgery took place: Western District of Arkansas.

6. Plaintiffs bring this action: ___X___ On behalf of themselves.

## FACTUAL ALLEGATIONS

7. On or about October 6, 2009 Plaintiff underwent surgery during which the Smith & Nephew 60MM BHR Acetabular Cup, Smith & Nephew 54MM Femoral Head, and Smith & Nephew Synergy size 15 porous stem were implanted into Plaintiff's RIGHT hip as part of a total hip arthroplasty using Smith & Nephew Birmingham components.

8. On or about November 17, 2009, Plaintiff underwent surgery during which the Smith & Nephew 60MM BHR Acetabular Cup, Smith & Nephew 54MM CoCr Femoral Head, and Smith & Nephew Synergy size 16 porous stem were implanted into Plaintiff's LEFT hip as part of a total hip arthroplasty using Smith & Nephew Birmingham components.

9. Plaintiff's right and left hip implant surgeries were performed at Washington Regional Hospital by Orthopedic Surgeon Charles Kris Hanby in Fayetteville, Arkansas.

10. Plaintiff underwent medically indicated revision of the left-side Smith & Nephew hip implant on or about December 12, 2019. Plaintiff received the following hip components during the revision surgery: Biomet G7 OsseoTi Acetabular Shell 68MM; Biomet G7 Acetabular System 54MM Liner; Smith & Nephew Femoral Head Oxinium 12/14 Taper 28MM +0; and Zimmer Biomet Bone Screws.

11. Plaintiff suffered the following complications, injuries, and/or indications, some or all of which made revision surgery medically necessary: sharp, debilitating nerve pain beginning 2019; pain and stiffness; metallosis; difficulty walking; insomnia and sleeplessness; and other injuries.

12. Plaintiff's left-side revision surgery was performed at Washington Regional Hospital by Dr. Charles Kris Hanby in Fayetteville, Arkansas.

13. Plaintiff's revision surgery resulted in the following findings, diagnoses, and/or observations: failed left metal on metal total hip replacement, significant metallosis, pseudotumor, elevated levels of cobalt (20.4 mcg/L) and chromium (2.9 mcg/L), osteolysis with metal debris, and other damage around the left-side hip joint.

14. The Smith & Nephew BHR System components are still implanted in Plaintiff's RIGHT hip.

15. Plaintiffs adopt the allegations of the BHR-THA Master Amended Consolidated Complaint ("BHR-THA MACC") filed August 14, 2018 against Smith & Nephew, Inc., and all amendments to the BHR-THA MACC.

   Yes __X___   No _____

### ALLEGATIONS AS TO INJURIES

16. (a) Plaintiff claims damages as a result of (check all that are applicable):

   __X__ INJURY TO HIMSELF

   ____ INJURY TO THE PERSON REPRESENTED

   ____ WRONGFUL DEATH

   ____ SURVIVORSHIP ACTION

   ____ ECONOMIC LOSS

   (b) Plaintiff's spouse claims damages as a result of (check all that are applicable):

   __X__ LOSS OF SERVICES

   __X__ LOSS OF CONSORTIUM

17. Defendant, by its actions or inactions, proximately caused the injuries to Plaintiffs.

### DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18.     The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference:

__X__   COUNT I (Negligence)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT II (Negligence Per Se)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT III (Negligent Misrepresentation)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT IV (Negligent Failure to Warn)

 Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT V (Strict Liability-Failure to Warn)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT VI (Strict Liability-Manufacturing Defect)

Specific state common law and statutory law that applies: Arkansas

__X__   COUNT VII (Strict Liability-Design Defect)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT VIII (Strict Liability-Information Defects)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT IX (Breach of Express Warranties)

Specific state common law and statutory law that applies: Arkansas

__X__   COUNT X (Loss of Consortium and/or Loss of Services)

Specific state common law and statutory law that applies:  Arkansas

__X__   COUNT XI (Unfair and Deceptive Trade Practices)

Specific state common law and statutory law that applies: Arkansas

__X__ COUNT XII (Punitive Damages)

Specific state common law and statutory law that applies: Arkansas

__X__ COUNT XIII (Fraudulent Concealment)

Specific state common law and statutory law that applies: Arkansas

__X__ COUNT XIV (Negligent Infliction of Emotional Distress)

Specific state common law and statutory law that applies: Arkansas

In addition, Plaintiffs specifically incorporate all applicable and surviving claims or causes of action set forth in the BHR-THA MACC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For compensatory damages;

2. Punitive or exemplary damages;

3. Pre-judgment and post-judgment interest;

4. Statutory damages and relief of the state whose laws will govern this action;

5. Damages for loss of consortium and loss services;

6. Costs and expenses of this litigation;

7. Reasonable attorneys' fees and costs as provided by law;

8. Equitable relief in the nature of disgorgement; and

9. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all claims in Complaint so triable.

Respectfully submitted,

Harris Sarratt & Hodges, LLP

Date:  November 16, 2020          By:  /s/ H. Clay Hodges
                                                                                    H. Clay Hodges, NC#29270
                                                                                    3948 Browning Place, Suite 334
                                                                                    Raleigh, North Carolina 27609
                                                                                    Tel.: 919.546.8788
                                                                                    Fax: 919.546.8789
                                                                                    *Attorney for Plaintiffs,*
                                                                                    *Pro Hac Vice – MDL admission*