UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>This Document Relates to the Following THA Track Cases:<br><br>*Aron v. Smith & Nephew, Inc.*, No. 1:18-cv-01190<br>*Strader v. Smith & Nephew, Inc.*, No. 1:18-cv-01535<br>*Hartley v. Smith & Nephew, Inc.*, No. 1:18-cv-02993<br>*Giangiulio v. Smith & Nephew, Inc.*, 1:19-cv-01276 |

**DEFENDANT SMITH & NEPHEW, INC.'S SUBMISSION ON THE
SELECTION OF THA TRIAL CASES ## 1 AND 2**

First Amended Case Management Order No. 18 [D.E. 2581] provides for the selection of

"a designated trial case and a back-up trial case" in the THA Track, referred to as "THA Trial Case

#1" and "THA Trial Case #2," respectively.  *Id.* at 1.  THA Trial Case #1 and Case #2 are to be

selected from the four cases chosen by the parties for the THA Track Trial Pool.  *See id*. at 3.

Defendant Smith & Nephew, Inc. ("Smith & Nephew") respectfully submits the following

proposed THA Trial Picks:

Case #1:  *Strader v. Smith & Nephew, Inc.*, No. 1:18-cv-01535 (D. Md.)

Case #2:  *Giangiulio v. Smith & Nephew, Inc.*, No 1:19-cv-01276 (D. Md.)

As discussed below, Smith & Nephew's proposed ordering would best serve the purpose of "test

cases" and promote the just and efficient conduct of this MDL.  *See* 28 U.S.C. § 1407(a); *see also*

*In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804, 2019 WL 3843082, at *1 (N.D. Ohio

Aug. 15, 2019) (test cases should "enable other litigants to learn from the experience and reassess

1

their tactics and strategy"); Federal Judicial Center, *Manual for Complex Litigation* § 22.315 (4th ed. 2004) ("Test cases . . . enable the parties and the court to determine the nature and strength of the claims"); Order [D.E. 2452] at 2 ("All parties agree that the selection and ordering of trial picks should result in a representative sample of cases in this MDL going through the trial process"). Specifically, *Strader* and *Giangiulio*—the two defense picks for the THA Trial Pool—should be chosen as the trial and backup cases, respectively, because they share characteristics with the largest number of cases in the THA Track, including (i) the device construct received by each Plaintiff; (ii) the gender of the Plaintiff; and (iii) the applicable state law.  Finally, principles of equity support choosing Smith & Nephew's picks for the THA Track trial, and choosing *Strader*, which was one of Plaintiffs' selections for inclusion in the THA discovery pool, as THA Trial Case #1.

**BACKGROUND**

As of June 6, 2021, there were 256 cases in the THA Track.  [D.E. 2817-2] (June 7, 2021). Although these cases share common questions of fact, there are important case-specific differences relevant to choosing the appropriate primary and backup trial candidates for the first THA trial, set to begin on January 18, 2022.  The four THA Trial Pool cases likewise reflect material factual and legal differences relevant to the Court's selection of Trial Case #1 and Case #2.  These four cases are discussed below.

A.      ***Strader v. Smith & Nephew***

Plaintiff Richard Strader is a 67-year old male resident of Ohio, who was 57 years old at the time of his first implant surgery.  *Strader* SFC [D.E. 1056] ¶ 2.  He is a retired English professor, who occasionally still teaches courses at Wright State University.  Mr. Strader has a history of orthopedic issues, and due to osteoarthritis underwent two total hip arthroplasties, both

of which included a Smith & Nephew modular femoral head, BHR cup, taper sleeve, and femoral stem. *Id*. ⁋⁋ 7, 9. His implant and revision surgeries were performed by Dr. Dennis Brown in Dayton, Ohio. *Id.* ⁋⁋ 8, 10, 12, 14. His right hip implant occurred on March 11, 2011, and was revised on December 19, 2017. *Id.* ⁋⁋ 7, 13. His left hip implant occurred on March 16, 2012, and was revised on August 30, 2013. *Id*. ⁋⁋ 9, 11. On October 5, 2018, Mr. Strader filed suit seeking recovery pertaining to both of his hip implants under Ohio law, and adopting the allegations in the THA Master Amended Consolidated Complaint (Aug. 14, 2018) [D.E. 878] ("THA MACC"). *Id*. ⁋⁋ 17, 20.

### B.  *Giangiulio v. Smith & Nephew*

Plaintiff Nicholas Giangiulio is a 68-year old male resident of New York, who was 55 years old at the time of his implant surgery. *Giangiulio* SFC [D.E. 1534] ⁋ 2. He has worked as an actor, voice actor, and stuntman in theater, movies, and television, and continues to act, but stopped performing stunts when his hip was replaced. He still maintains an active lifestyle, including extensive walking and low-impact exercise. Mr. Giangiulio was indicated for hip surgery due to right hip degenerative arthritis, and on July 1, 2008, underwent a total hip arthroplasty of his right hip, during which he received a Smith & Nephew modular femoral head, BHR cup, modular sleeve, and femoral stem. *Id*. ⁋ 7. His implant surgery was performed by Dr. Michael Kang in New York City. *Id*. ⁋ 8. Dr. Kang also performed Mr. Giangiulio's revision surgery, which occurred 10 years later on July 2, 2018. *Id*. ⁋⁋ 9, 11. On April 30, 2019, Mr. Giangiulio filed suit, asserting claims under New York law, and adopting the allegations in the THA MACC. *Id*. ⁋⁋ 13, 19.

C.      *Aron v. Smith & Nephew*

Plaintiff Martha Aron is a 70-year old female resident of Maryland, who was 58 years old

at the time of her implant surgery.  *Aron* SFC [D.E. 1023] ₱ 2.  Ms. Aron is a retired registered

nurse who has been physically active throughout her life, including between the time of her hip

implant and revision surgery.  Ms. Aron was indicated for hip surgery due to osteoarthritis in her

right hip, and on September 23, 2009, underwent a total hip arthroplasty of her right hip, during

which she received a BHR cup, modular femoral head, modular femoral sleeve, and femoral stem.

*Id*. ₱ 7.  Her implant surgery was performed by Dr. Friedrich Boettner at the Hospital for Special

Surgery ("HSS") in New York City.  *Id*. ₱ 8.  Ms. Aron testified at her deposition that she chose

Dr. Boettner and HSS because she felt that HSS had favorable infection rates compared to

Maryland hospitals.  Dr. Boettner also performed Ms. Aron's revision surgery, on October 4, 2017.

*Id.* ₱ 9.  On October 5, 2018, Ms. Aron filed suit, asserting that Maryland law applies to her claims,

and adopting the allegations in the THA MACC.  *Id*. ₱₱ 13, 16.[1]

---

[1] Ms. Aron's case presents a threshold choice of law issue, which could result in either Maryland or New York law applying to her claims.  As an initial matter, "a federal court sitting in diversity applies the choice-of-law rules of the state in which it sits," *Williams v. Gyrus ACMI, Inc.*, 790 F. Supp. 2d 410, 414 (D. Md. 2011), and many courts treat cases direct-filed into an MDL as if they had been transferred from the forum in which they would have been filed absent the MDL, and apply the choice of law rules of the transferor court. *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRH, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011).  Other courts, however, treat direct-filed cases as if they were properly filed in the MDL forum absent the MDL, and thus apply the choice of law rules of the state in which the MDL court sits. *E.g., In re Trasylol Prods. Liab. Litig.*, No. 1:08-md-01928, 2011 WL 1033650, at *3 (S.D. Fla. Jan. 18, 2011).  Assuming only for present purposes that Maryland's choice of law rules apply, Ms. Aron's claims may be governed by the law of Maryland (where Ms. Aron resides) or New York (where Ms. Aron's implant and revision surgery occurred). *See Williams*, 790 F. Supp. 2d at 414 ("Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions," pursuant to which "the substantive tort law of the state where the wrong occurs governs. . . . [W]here the events giving rise to a tort action occur in more than one State, the court must apply the law of the State where the injury—the last event required to constitute the tort—occurred.") (internal quotation marks omitted).

D.       *Hartley v. Smith & Nephew*

Plaintiff Harold "Jay" Hartley is a 63 year-old male resident of Texas, who was 53 years old at the time of his implant surgery.  *Hartley* SFC [D.E. 984] ⁋ 2.  Mr. Hartley has worked in various management capacities for a variety of grocery store chains, and currently works as the Director of Produce for Grocers Supply, which requires him to travel frequently to various states throughout his territory.  On May 20, 2010, while living in Minnesota, Mr. Hartley underwent a total hip arthroplasty of his left hip, due to osteoarthritis.  *Id*. ⁋ 8.  He received a Smith & Nephew R3 cup, R3 metal liner, modular femoral head, modular femoral sleeve, and femoral stem.  *Id*.  Mr. Hartley's implant surgery was performed by Dr. Allan Hunt in St. Louis Park, Minnesota.  *Id*. ⁋ 10.  Mr. Hartley moved from Minnesota to Texas in 2011.  On July 17, 2018, Dr. Stephen Incavo performed Mr. Hartley's revision surgery in Houston, Texas.  *Id*. ⁋⁋ 12, 14.  On September 27, 2018, Mr. Hartley filed suit, asserting that Minnesota law applies to his claims, and adopting the allegations in the R3 Master Amended Consolidated Complaint (Sept. 21, 2018) [D.E. 966] ("R3 MACC").  *Id*. ⁋⁋ 16, 19.[2]

_____

[2] As in the *Aron* case, Mr. Hartley's case involves a threshold choice-of-law analysis, pursuant to which  Minnesota, Texas, or Maryland choice of law principles may apply.  *See supra* n.1. Minnesota courts apply "five 'choice influencing factors' to determine which state's laws should apply: (1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law."  *Perry ex rel. Sherrell v. Beltrami Cty.*, -- F. Supp. 3d --, 2021 WL 568409, at *3 (D. Minn. Feb. 16, 2021); *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 516 (D. Minn. 2014) (similar).  "Texas courts use the Restatement's 'most significant relationship' test to decide choice of law issues.  The Restatement (Second) of Conflict of Laws directs the Court to look at a number of factors in determining which law should apply to the case. Restatement sections 145 and 6 apply to tort claims generally, and section 148 applies specifically to claims of fraud and misrepresentation."  *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 989-90 (S.D. Tex. 2004) (internal citations omitted).  Based on Maryland, Minnesota, and/or Texas choice of law principles, and subject to further analysis, Minnesota law, Texas law, or a combination thereof may apply to Mr. Hartley's claims.  *See, e.g., Perry*, 2021 WL 568409, at *4 (recognizing that "different choice-of-law rules might govern different legal issues"

**ARGUMENT**

An examination of case-specific considerations such as hip construct, gender, and jurisdiction support the conclusion that *Strader* should be designated as THA Trial Case #1, and *Giangiulio* should be identified as the backup, THA Trial Case #2.  Likewise, principles of equity support selection of Smith & Nephew's proposed cases for the first THA Track trial, and further support *Strader* being selected as THA Trial Case # 1.

A. **Differences in Hip Construct Support Selection of *Strader* and *Giangiulio* as THA Trial Cases #1 and #2, Respectively.**

Unlike the BHR Track, where Plaintiffs each received the same device components, the THA Track includes "THA Plaintiffs" and "R3 Plaintiffs" who have received different hip constructs.  Indeed, when explaining their decision to file separate MACCs for THA and R3 cases, Plaintiffs' counsel stated that "[t]he R3 liner is part of the R3 system, which includes an R3 cup instead of a BHR cup. . . .  While there are some common issues and related discovery, the R3 is simply a different product with a different FDA approval process, different marketing and sales program, different legal issues, and different reasons for withdrawal from the market.  Plaintiffs with BHR-THA and BHR-R3 cases filing Short Form Complaints would not be adopting the same paragraphs or allegations, as doing so would lead to confusion."  Letter from J. Ward (Aug. 20, 2018) [D.E. 889].  In the THA Track, 80 percent of the Plaintiffs received a BHR Cup as part of a THA procedure.  Only 20 percent of the Plaintiffs in the THA Track received an R3 Cup.

Mr. Strader, Mr. Giangiulio, and Ms. Aron received BHR Cups and adopted the allegations in the THA MACC, while Mr. Hartley received an R3 Cup and adopted the allegations in the R3 MACC.  *See Strader* Short Form Complaint ("SFC") [D.E. 1056] ¶ 13; *Giangiulio* SFC [D.E.

---

and "a choice of law determination is made on an issue-by-issue, and not case-by-case, basis") (internal quotations omitted).

1534] ℙ 13; *Aron* SFC [D.E. 1023] ℙ 13; *Hartley* SFC [D.E. 984] ℙ 16.  A case involving a THA

Plaintiff who received a BHR cup, rather than an R3 Plaintiff who received an R3 cup and liner,

should be tried first.   The vast majority of Plaintiffs in the THA Track (80%) received a BHR cup,

and trial of a case involving this construct will best inform the Court and parties about the largest

number of cases in the THA Track.  This factor supports selection of *Strader* or *Gianguilio* (or

*Aron*), but **not** *Hartley.*

> **B.**  **Consideration of Plaintiffs' Gender Supports Selection of *Strader* and *Giangiulio* as THA Trial Cases #1 and #2, Respectively.**

A case involving a male Plaintiff should be tried first, since the majority of the Plaintiffs

in the THA Track are male.  Specifically, 66.4 percent of the THA Track Plaintiffs are male, while

only 33.6 percent are female.  Because there are nearly twice as many male Plaintiffs as female

Plaintiffs, trying a male Plaintiff's case first would be the most representative of the largest number

of cases.  Of the cases that do not involve an R3, Smith & Nephew's proposed picks, *Strader* and

*Giangiulio*, are cases brought by men.  This factor does not support selection of *Aron*, which

involves a female Plaintiff.

> **C.**  **Considerations of Applicable Law Support Selection of *Strader* and *Giangiulio* as THA Trial Cases # 1 and #2, Respectively.**

Consideration of the jurisdiction in which the Plaintiff resides, and where his or her implant

and revision surgeries occurred, also supports selection of Smith & Nephew's chosen cases for the

trial and backup.  Specifically, *Strader* is one of 12 THA Track cases alleging application of Ohio

law.  Likewise, *Giangiulio* is one of 29 cases in the THA Track alleging application of New York

law.  Resolution of legal issues applicable in *Strader* and *Giangulio* will be instructive for the

resolution of a dozen (or dozens) of other cases in the THA Track.  In contrast, *Hartley* is one of

only 6 THA Track cases in which Plaintiffs allege Minnesota law applies, and *Aron* is one of only

6 THA Track cases in which Plaintiffs allege Maryland law applies, though both cases will require

further choice of law analyses to determine the states whose substantive laws apply to their claims.

As a result, consideration of the applicable law also supports selection of *Strader* and *Gianguilio*.

      **D.**        **Equity and Fundamental Fairness Support Selection of *Strader* as THA Trial Case #1 and *Giangiulio* as THA Trial Case #2.**

In the BHR Track, the two cases selected by Plaintiffs were designated for the first trial.

*See* Order [D.E. 2452] at 2.  Given that fact, equity and fundamental fairness suggest that the first

THA Track trial should involve a Plaintiff chosen by Smith & Nephew.  Smith & Nephew's

proposed selection of *Strader* as THA Trial Case #1 and *Giangiulio* as THA Trial Case #2 ensures

this equitable result.  Although Plaintiffs have taken the position that a case they have selected

should again be the first tried, there is no requirement that the Court grant Plaintiffs' request.  *See,*

*e.g., In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, No. 2:13-md-2433, 2019 WL

2088768, at *9 (S.D. Ohio May 13, 2019) ("the first tried was a case selected by DuPont" from a

list of six separate plaintiffs).

Further, it is notable that *Strader* was picked by Plaintiffs' counsel as one of their four

selected cases for inclusion in the THA discovery pool.  *See* CMO No. 14 [D.E. 1646] § II.A.  As

such, *Strader* is the only THA Track Trial Pool case that both sides put forward for further work-

up, making it more likely that both sides will view the result of a trial in that case as representative

of the THA Track.  *See Collazo v. WEN by Chaz Dean, Inc.*, No. 2:15-cv-01974-ODW-AGR, 2018

WL 3424957, at *4 (C.D. Ca. July 12, 2018) ("[F]or a bellwether trial to be an effective guide for

future negotiations, both sides need to agree on the reasonableness of the results").  Accordingly,

equity and fairness support selection of *Strader* as THA Trial Case #1 and *Giangulio* as THA Trial

Case #2.

## CONCLUSION

For these reasons, Smith & Nephew respectfully requests that the Court designate *Strader* as THA Trial Case #1, and *Giangiulio* as THA Trial Case #2 for the January 2022 Trial Setting.[3]

Dated:  June 18, 2021

Respectfully Submitted,

/s/ Paul J. Zidlicky

Timothy F. Daniels
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras St. #2700
New Orleans, Louisiana 70130
tdaniels@irwinllc.com
kmoore@irwinllc.com
Tel.: (504) 310-2100
Fax: (504) 310-2101

Jana D. Wozniak
Daniel A. Spira
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
jwozniak@sidley.com
dspira@sidley.com
Tel.: (312) 853-7000
Fax: (312) 853-7036

Terri S. Reiskin (Bar No. 05256)
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue NW, Suite 900
Washington, DC  20001
Terri.reiskin@nelsonmullins.com
Tel.: (202) 689-2800
Fax: (202) 689-2860

Paul J. Zidlicky (Bar No. 26148)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
pzidlicky@sidley.com
Tel.: (202) 736-8000
Fax: (202) 736-8711

*Counsel for Defendant Smith & Nephew, Inc.*

---

[3] Smith & Nephew opposes any multiple plaintiff trial, and has waived its *Lexecon* rights only as to one THA trial case, "provided it is tried alone and not part of a multi-plaintiff trial."  First Amended CMO No. 18 [D.E. 2581] § I.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Paul J. Zidlicky
*Counsel for Defendant Smith & Nephew, Inc.*