UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>This Document Relates to:<br><br>*Redick v. Smith & Nephew, Inc.*,<br>No. 1:17-cv-00944 |

**DEFENDANT SMITH & NEPHEW, INC.'S REPLY IN SUPPORT OF RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**

As Smith & Nephew has shown, negligent misrepresentation is not a viable claim under North Carolina law, where, as here, Plaintiffs seek damages for personal injury. Rather than address this issue through a Rule 50 motion *after* argument is presented to the jury, the Court should address it now, to ensure that the jury is presented only with evidence and argument pertaining to viable claims. In their Response, Plaintiffs argue that (i) this issue has been "waived"; (ii) the North Carolina Supreme Court has not "explicitly reject[ed]" negligent misrepresentation in the context of personal injury claims; (iii) Plaintiffs can assert the facts underlying their negligent misrepresentation claim under "traditional negligence rules" and a general "negligence" cause of action; and (iv) Plaintiffs can assert claims for fraud and under the North Carolina Unfair and Deceptive Trade Practices Act, even though neither is pled in the MACC or Plaintiffs' Short Form Complaint [D.E. 161]. *See* Pl.'s Response to Renewed Motion for Summary Judgment (July 13, 2021) [D.E. 2885] ("Response" or "Resp."). All of these arguments should be rejected.

*First*, there is no waiver, and the issue is properly resolved now, rather than at trial at the close of Plaintiff's case or at the close of evidence. The Court has authority to address this challenge to Plaintiffs' negligent misrepresentation claim. *See generally* Fed. R. Civ. P. 54(b)

(explaining that rulings "may be revised at any time before entry of a [final] judgment").  Indeed, Plaintiffs simply ignore the cases holding that (i) Smith & Nephew may assert legal challenges to their negligent misrepresentation claim under Rule 50, and (ii) the Court's denial of summary judgment, to both parties, on the negligent misrepresentation claim is not the law of the case. Smith & Nephew's Renewed Motion [D.E. 2875] ("Motion" or "Mot.") at 4-5 (citing cases); *see* Memorandum (May 17, 2021) [D.E. 2715] ("*Redick* Mem.") at 27 ("[B]oth parties' motions for summary judgment on the plaintiffs' negligent misrepresentation claims will be denied").  And, there is good cause to resolve the threshold legal question in advance of trial, before opening statements in which counsel may identify negligent misrepresentation as one of the legal theories that they intend to present to the jury.  It would make no sense to delay a ruling until trial, thereby risking, at best, juror confusion and unfair prejudice to both parties, and, at worst, a mistrial.[1]

**Second**, multiple courts have recognized that, under North Carolina law, negligent misrepresentation is not an available theory in a case where plaintiffs seek to recover for personal injury.  Mot. at 2 (collecting cases).  Plaintiffs argue that Restatement (Second) of Torts § 311 has not been "explicitly rejected" by the North Carolina Supreme Court, Resp. at 6, but they have the law backwards.  The issue is not whether North Carolina courts have *rejected* this legal theory, but, rather, whether North Carolina has *adopted* this theory in a personal injury case.  "'A federal court acting under its diversity jurisdiction should respond conservatively when asked to discern governing principles of state law'" and "'not interpret state law in a manner that . . . has not been approved by the state whose law is at issue.'"  *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 963-64 (4th Cir. 2020) (quoting *Rhodes v. E.I. du Pont de Nemours*, 636 F.3d 88 (4th Cir. 2011)).

---

[1] There would be no unfair prejudice from addressing (and granting) Smith & Nephew's current motion because the evidence that Plaintiffs seek to present at trial in support of negligent misrepresentation is for the most part the same as for their breach of warranty theory.  *See Redick* Mem. [D.E. 2715] at 34 (allowing breach of warranty claim to proceed "[f]or the [same] reasons stated . . . in the court's discussion of the . . . negligent misrepresentation claim").

***Third***, Plaintiffs cannot merely assert a claim under "traditional negligence rules" or convert their claim to a general "negligence" cause of action. *See* Resp. 9-12. *Driver v. Burlington Aviation*, 430 S.E.2d 476 (N.C. App. 1993), does not support Plaintiffs argument that their negligent misrepresentation claim can be restated as a general claim of negligence. Plaintiffs here must show that their state law claims are parallel to federal requirements, and they are not permitted to challenge FDA-approved warnings or instructions for use. *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.* ("*In re BHR*"), 300 F. Supp. 3d 732, 742-43 (D. Md. 2018). This Court has already held that claims based on the "traditional negligence rules" applicable in the *Driver* case are preempted, and thus unavailable. *See, e.g., id.* at 745, 749-50. Further, here, Plaintiffs have a breach of express warranty claim involving nearly all of the same evidence so there is no need to restate the claim under general negligence principles.

***Finally***, Plaintiffs cannot now assert two entirely new causes of action that were not pled in the MACC, were not pled in Plaintiffs' Short Form Complaint, and on which no discovery was conducted. Allowing these new claims would upend the MDL litigation and result in manifest injustice to Smith & Nephew. Plaintiffs' effort to introduce new theories of liability with different elements long after discovery has closed is untenable and insupportable.

Smith & Nephew's Motion should be granted. Plaintiff's negligent misrepresentation claim should be dismissed, allowing them to proceed with their breach of express warranty claim.

## ARGUMENT

### I.   THERE HAS BEEN NO WAIVER.

Plaintiffs argue that Smith & Nephew has "waived" its ability to present the issue whether North Carolina does not recognize a theory of negligent misrepresentation in personal injury cases before the Court because this specific argument was not in Smith & Nephew's pre-trial summary judgment motion. Resp. 3-6 (citing *Mann* v. *United States*, 364 F. Supp. 3d 553, 565 (D. Md.

3

2019)).[2]  That is wrong.  The Court is free to address this issue or reconsider its denial of summary judgment prior to final judgment.  *See* Fed. R. Civ. P. 54(b); *see also* 18B Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (3d ed. 2019) ("[D]enial of summary judgment often is reconsidered and followed by an order granting summary judgment").

Further, Plaintiffs do not dispute that, under Fourth Circuit law, Smith & Nephew may present its legal challenge to Plaintiffs' negligent misrepresentation claim at the close of Plaintiffs' evidence under Federal Rule of Civil Procedure 50(a).  *See* Mot. 5 (citing *Varghese v. Honeywell Int'l, Inc.*, 424 F.3d 411, 421 (4th Cir. 2005) (party may "move for judgment as a matter of law [under Rule 50]" as to "discrete legal issues"); *Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1236 (4th Cir. 1995) (same); *Benner v. Nationwide Mut. Ins. Co.*, 93 F.3d 1228, 1233 (4th Cir. 1996) (same)); *see also* 18B Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 ("Denial [of summary judgment] can easily be followed by judgment as a matter of law or dismissal after trial").  In the Fourth Circuit, "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *American Canoe Ass'n* v. *Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  That is particularly so where, as here, an issue is presented in a test case in an MDL proceeding designed to provide guidance to the parties about legal issues that may arise with respect to other plaintiffs.

Thus, the issue here is only one of timing.  And, on that issue, there is "good cause" to resolve this legal question now, ***before*** opening statements to the jury and ***before*** presentation of

---

[2] The decision in *Mann* is inapposite.  There, the court granted summary judgment where the IRS "sought summary judgment on the issue of the validity of the Personal Property deductions," but defendants "raised no discernable opposition on that score."  364 F. Supp. 3d at 564-65.  Here, Smith & Nephew sought summary judgment, and opposed Plaintiffs' motion for summary judgment, as to negligent misrepresentation.  Unlike *Mann*, the Court here denied the parties' motions for summary judgment.  *See Redick* Mem. [D.E. 2715] at 27 ("[B]oth parties' motions for summary judgment on the plaintiffs' negligent misrepresentation claims will be denied").  Plaintiffs further cite *Estate of Welsh v. Michaels Stores, Inc.*, No. CCB-19-988, 2020 WL 7384730 (Dec. 16, 2020), but that case merely cites *Mann* to describe one of the party's arguments.

evidence in Plaintiffs' case-in-chief. Delaying resolution of this issue until trial creates a risk that the jury's consideration of the case will be tainted by a legal theory that has no bearing on the issue that it ultimately is required to resolve, *see* Fed. R. Evid. 403, and risks a mistrial.[3] Further, that confusion may undercut the utility of this first test case as a potential source of guidance for additional cases in this MDL. Nor would resolving this issue result in unfair prejudice to Plaintiffs. Resolution of this issue would not affect Plaintiffs' ability to present their related breach of express warranty claim, which is based upon largely the same evidence. *Redick* Mem. [D.E. 2715] at 34. In contrast, delaying resolution of this issue would result in manifest injustice to Smith & Nephew by allowing Plaintiffs to make arguments pursuant to a legal theory that has been rejected by the courts in North Carolina. *See Foreman v. Unnamed Officers of the Fed. Bureau of Prisons*, No. DKC 09-2038, [D.E. 37] (D. Md. Nov. 17, 2010) at 4 (reconsidering ruling even if party "might have advanced their current arguments in their original motion for summary judgment" because "the ultimate responsibility of the federal courts . . . is to reach the correct judgment under law").[4]

## II. NORTH CAROLINA LAW DOES NOT RECOGNIZE NEGLIGENT MISREPRESENTATION FOR PERSONAL INJURY DAMAGES.

In North Carolina, negligent misrepresentation has not been recognized as an viable claim where plaintiffs seek personal injury damages. *Driver*, 430 S.E.2d at 480-81; Mot. 2 (citing cases).

---

[3] Jurors should not be asked to hear argument about an alleged negligent misrepresentation claim, only to be told to disregard it because that legal theory is not recognized under North Carolina law.

[4] Plaintiffs argue that "Smith & Nephew cannot plausibly claim to have been unaware of this argument, as it was based on the primary case it relied upon throughout the briefing." Resp. at 4. They make no claim of surprise, but argue that this issue should have been raised earlier. As Smith & Nephew explained, *Raritan* did not involve a personal injury claim, or address whether negligent misrepresentation extended to personal injury claims. Smith & Nephew became aware of the *Driver* decision while preparing jury instructions, which limit damages for negligent misrepresentation to pecuniary damages. Notably, Plaintiffs' proposed jury instruction on negligent misrepresentation ignores the North Carolina Pattern Instruction without identifying any alternative authority. *See* [D.E. 2883] at 18-19. Plaintiffs' failure to address the *Driver* case reflects that they too were unaware of this case until Smith & Nephew raised it now.

Plaintiffs agree that the North Carolina Supreme Court has *only* adopted Restatement (Second) of Torts § 552, which specifically provides for the recovery of "pecuniary loss" as damages for a negligent misrepresentation claim. Resp. at 4 (citing *Raritan River Steel v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (N.C. 1988)); Restatement (Second) of Torts § 552 ("One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability **for pecuniary loss** caused to them . . . .") (emphasis added). Plaintiffs do not, and cannot, contend that North Carolina courts have adopted Restatement (Second) of Torts § 311, the Restatement section that provides for negligent misrepresentation claims where personal injury damages are sought. *See* Resp. at 5-9; Restatement (Second) of Torts § 311 ("One who negligently gives false information to another is subject to liability **for physical harm** caused by action taken by the other . . . .") (emphasis added). Likewise, Plaintiffs acknowledge that in *Driver*, the North Carolina Court of Appeals ruled that "'we have not found, and plaintiffs have not directed us to, any case in which the theory of negligent misrepresentation was approved as a basis for recovery for personal injury.'" Resp. at 6 (quoting *Driver*, 430 S.E.2d at 480-81).

Nevertheless, Plaintiffs argue that this Court should apply Restatement (Second) of Torts § 311, and instruct the jury on Plaintiffs' negligent misrepresentation claim as a basis for personal injury damages, because it has not been "explicitly reject[ed]" by the North Carolina Supreme Court. Resp. 6; *see also id*. at 7 ("the North Carolina Supreme Court has still not rejected § 311 liability"). That argument misunderstands the law governing diversity cases such as this one. In the Fourth Circuit, "'[a] federal court acting under its diversity jurisdiction should respond conservatively when asked to discern governing principles of state law'" and "'***should not interpret state law in a manner that . . . has not been approved by the state whose law it at issue***.'"

6

*McKiver*, 980 F.3d at 963-64 (emphasis added) (quoting *Rhodes*, 636 F.3d 88); *McBrayer v. Ethicon, Inc.*, 2:12-cv-00779, 2017 WL 73934, at *4 (S.D. W.Va. Jan. 6, 2017) ("The North Carolina Supreme Court has not ruled on whether negligent misrepresentation is a viable theory of recovery in products liability cases causing personal injury rather than pecuniary loss. In the absence of such guidance, 'the state's intermediate appellate court decision constitutes the next best indicia of what state law is . . . .'") (quoting *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992)). It is undisputed that North Carolina courts have **never** adopted § 311, and Plaintiffs' suggestion that this Court should nevertheless assume it is the law of North Carolina because it has not been "explicitly reject[ed]" by the North Carolina courts is misguided and unsupported by law.[5]

Likewise, N.C.G.S. § 99B-1(3) does not create a negligent misrepresentation cause of action for personal injury damages. *See* Resp. at 7. Indeed, multiple courts, including *Driver*, have rejected negligent misrepresentation claims under North Carolina law where personal injury damages were sought, despite the applicability of N.C.G.S. § 99B-1 to plaintiffs' claims. *See Driver*, 430 S.E.2d at 482 (analyzing N.C.G.S. § 99B-1(3)); *McBrayer*, 2017 WL 73934, at *4. *See also* N.C.G.S. § 99B-5 (defining "[c]laims based on inadequate warning or instruction," but not negligent misrepresentation).

Nor does *Whitley v. Cubberly*, 210 S.E.2d 289 (N.C. App. 1974), create a cause of action for negligent misrepresentation where personal injury damages are sought. *See* Resp at 7. In fact, no "negligent misrepresentation" cause of action was addressed in *Whitley*, nor did the court

---

[5] Contrary to Plaintiffs' argument, Smith & Nephew does not suggest "complete immunity for a device manufacturer that makes misrepresentations about its product so long as those misrepresentations caused physical, not pecuniary, harm." Resp. at 7. As Smith & Nephew has acknowledged, and Plaintiffs ignore, Smith & Nephew does not dispute that, based on the Court's prior summary judgment ruling, Plaintiffs may assert their breach of express warranty claim, and thereby present much of the same evidence. Mot. at 4.

7

consider whether North Carolina recognizes negligent misrepresentation where personal injury damages are sought.[6]  The courts that *have* squarely addressed the issue have uniformly recognized that North Carolina has not adopted negligent misrepresentation where a plaintiff claims personal injury damages.  *Driver*, 430 S.E.2d at 480-81; *McBrayer*, 2017 WL 73934, at *3-4; *Michael v. Huffman Oil Co.*, 661 S.E.2d 1, 11-12 (N.C. Ct. App. 2008); *Gaston v. PBI Gordon Corp.*, No. 1:13-cv-891, 2014 WL 4114324, at *4 (M.D.N.C. Aug. 20, 2014).[7]  Here too, because Plaintiffs' claim is for personal injury damages, they cannot pursue a negligent misrepresentation cause of action under North Carolina law.

### III.  PLAINTIFFS CANNOT ASSERT A CLAIM UNDER "TRADITIONAL NEGLIGENCE RULES."

Contrary to Plaintiffs' argument, *Driver* does not support their effort to proceed under a negligence theory.  *See* Resp. 9-12.[8]  The conditions that allowed the plaintiffs to proceed in *Driver*

---

[6] The court held that a drug manufacturer could be held liable if plaintiff's harm was caused by the defendant's "negligent acts in overpromoting the drug" or engaging in a "vigorous sales campaign," but did not suggest that the defendant had made any misrepresentations.  *Id*. at 207.

[7] Neither *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, 464 (1987), nor *In re Wright Med. Tech. Inc., Conserve Hip Implant Prods. Liab. Litig.*, 127 F. Supp. 3d 1306, 1362–63 (N.D. Ga. 2015) involved North Carolina law.  *See* Resp. at 7-8.  Similarly, the fact that Maryland law does allow negligent misrepresentation claims for personal injury is irrelevant here. In Maryland, the law developed differently, with the Court of Appeals adopting negligent misrepresentation initially in the personal injury context. *See Martens Chevrolet, Inc. v. Seney*, 439 A.2d 328 (Md. 1982).  The Maryland Court of Appeals later addressed whether a negligent misrepresentation claim could be brought in a case that did not involve any claim of personal injury, and held that it could. *See Lloyd* v. *GMC*, 916 A.2d 257 (Md. 2007).  Different states have different laws, and North Carolina has not adopted negligent misrepresentation in personal injury cases.  Likewise, the case law cited in this Court's *Redick* summary judgment opinion only supports the availability of negligent misrepresentation under North Carolina law where pecuniary damages are sought.  *See* Resp. 8-9 (citing *Redick* Mem. [D.E. 2715] at 19-22).  Those cases did not involve personal injury claims.

[8] *Driver* was decided on a motion to dismiss.  Indeed, the court said that "[t]he question presented by a motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." 430 S.E.2d. at 480.  The court ruled that plaintiffs "may have mislabeled the theory," and, construing the complaint liberally, held that the allegations in the complaint "sufficient to state a claim for relief based upon traditional negligence rules." *Id*.

under a negligence theory are absent here. Moreover, there is no need to do so where, as here, Plaintiffs have a claim for breach of express warranty that the Court has ruled may proceed based upon the evidence that Plaintiffs identified in support of their negligent misrepresentation claim.

*First*, the "traditional negligence rules" referred to by the *Driver* court allowed a claim based on a product manufacturer's "duty to use reasonable care in [the product's] manufacture, and, when reasonable care so requires, *to give adequate directions for its use*." *Driver*, 430 S.E.2d at 481 (emphasis added); *see also id*. (identifying a "fail[ure] to adequately warn of [a product's] inherent dangers" as an available negligence theory); *id*. (a product "'warning must be sufficient to protect third persons who may reasonably be expected to come in contact with the product and be harmed by it'"). Unlike a traditional products liability case where the product is alleged to be defective, Plaintiffs in *Driver* claimed only that the instruction manual failed to provide adequate warnings, not that the plane was defective. *Id.* at 482 ("[T]his case appears to be a case of first impression involving a claim for negligence against the preparer or producer of an instructional manual"). The Court allowed the case to proceed to discovery because it could not say "'to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'" *Id.* at 480 (quoting *Sutton* v. *Duke*, 176 S.E.2d 757 (N.C. 1987)). *Driver* did not "in essence" hold that "personal injury cases arising from misrepresentations and omissions by a product manufacturer were simply 'traditional negligence' claims." Resp. at 10.

*Second*, Plaintiffs ignore that they brought a negligence claim, including claims for failure to warn plaintiffs, the medical community and the FDA, and judgment has been entered against them on that claim. That omission is significant, because in contrast to the plaintiffs in *Driver*, Plaintiffs here may only assert state law claims that are also based on violations of parallel federal law, and they may not challenge product warnings or directions for use approved by the FDA. *In re BHR*, 300 F. Supp. 3d at 745. Pursuant to those principles, this Court has dismissed Plaintiffs'

negligence claims to the extent they are based on an alleged failure to communicate additional warnings or give adequate instructions for use regarding the BHR System. *Id*. ("Any claim, however, that Smith & Nephew had a duty to change its labeling or communicate information to patients or the medical community . . . should be preempted as an attempt to impose requirements that add to or differ from federal regulations."). Thus, the "traditional negligence" theory that the court in *Driver* held was applicable to personal injury cases—*i.e.*, a failure to issue adequate product warnings or directions for use—is preempted by federal law and unavailable here, such that Plaintiffs cannot assert their negligent misrepresentation claim based on general "traditional negligence rules."

Plaintiffs' argument conflicts directly with the Court's rulings. They contend that "Ms. Redick's claims arising from alleged misrepresentations by Smith & Nephew in voluntarily provided representations support a claim for traditional negligence and *negligent failure to warn* under North Carolina law even in the absence of an expressly adopted § 311 negligent misrepresentation framework." Resp. 11 (emphasis added). That argument ignores that the Court ruled that Plaintiffs' failure to warn patients and the medical community were expressly preempted and granted summary judgment on the claim of failure to warn the FDA based upon lack of causation. *See Redick* Mem. [D.E. 2715] at 14, 18.[9]

***Finally***, unlike *Driver*, there is no need to take an unprecedented step to allow Plaintiffs to proceed with a negligence misrepresentation claim under the guise of a "traditional negligence" theory. Such an approach would be contrary to Fourth Circuit law, which requires caution before a federal court adopts a new theory of liability under state law. Further, there is no need to do so

---

[9] *McCormick v. Medtronic, Inc.*, 101 A.3d 467, 489-90 (Ct. Spec. App. Md. 2014) (cited in Resp. at 10 n.3) has no bearing on the available theories under North Carolina law. The quotation that Plaintiffs cite addressed if plaintiff could state a negligent failure to warn claim. Here, judgment has been granted on the negligent failure to warn claim. *Redick* Mem. [D.E. 2715] at 16-18.

because Plaintiffs have an existing claim for breach of express warranty that allows them to present nearly the same evidence and seek recovery of damages under North Carolina law. Accordingly, there would be no unfair prejudice to Plaintiffs in concluding that North Carolina law does not support their claim of negligent misrepresentation under another negligence label.

## IV.    PLAINTIFFS CANNOT ASSERT NEW CAUSES OF ACTION NOW.

Finally, the Court should decline to "instruct the jury on fraud and North Carolina's Unfair and Deceptive Trade Practices Act ('UDTPA')." Resp. at 12. Neither of these claims was pled in the MACC [D.E. 124] adopted by Plaintiffs. Nor were these claims pled in Plaintiffs' Short Form Complaint. *See Redick* Short Form Complaint [D.E. 161] at 4-5 (listing causes of action, and leaving blank the section of the Short Form Complaint that states, "In addition to the above, Plaintiffs assert the following additional causes of action under applicable state law"). Contrary to Plaintiffs' assertion that "Smith & Nephew was on notice about these claims," Resp. at 12, they were omitted from Plaintiffs' operative pleadings for almost four years.

As these claims were never asserted in this MDL, Smith & Nephew has had no occasion to conduct discovery specific to these causes of action, or to assert legal or factual defenses specific to these claims. As a result, Smith & Nephew would suffer significant unfair prejudice if Plaintiffs were permitted to assert new causes of action days before trial. Not surprisingly, Plaintiffs cite no authority for their purported ability to do so. *E.g., Harding v. Kellam*, 155 F.3d 559 (4th Cir. 1998) (denying motion to amend complaint to add new cause of action shortly before trial, because "[m]otions to amend that are filed near the time of trial are disfavored and require special scrutiny," and "despite the substantial similarities between the two statutes [already pled and sought to be added], Respondent still may suffer prejudice from a late-hour substitution"); *Robertson v. Iuliano*, No. 10-1319, 2013 WL 169266, at *3 (D. Md. Jan. 14, 2013) (denying leave to amend complaint

11

where "Plaintiff's amendment essentially seeks to add a new claim to the Complaint," and "it would be prejudicial to the Defendant . . . to permit such an amendment on the eve of trial").

## CONCLUSION

For these reasons, and those in Smith & Nephew's Motion and Memorandum, Plaintiffs' negligent misrepresentation claim should be dismissed in advance of trial, and Plaintiffs should proceed under their breach of express warranty theory.

Dated: July 19, 2021                                    Respectfully Submitted,

/s/ Paul J. Zidlicky

| | |
|---|---|
| Kim E. Moore | Jana D. Wozniak |
| Timothy F. Daniels | Daniel A. Spira |
| IRWIN FRITCHIE URQUHART & MOORE LLC | SIDLEY AUSTIN LLP |
| 400 Poydras St. #2700 | One South Dearborn |
| New Orleans, Louisiana 70130 | Chicago, Illinois 60603 |
| kmoore@irwinllc.com | jwozniak@sidley.com |
| tdaniels@irwinllc.com | dspira@sidley.com |
| Tel.: (504) 310-2100 | Tel.: (312) 853-7000 |
| Fax: (504) 310-2101 | Fax: (312) 853-7036 |
| | |
| Terri S. Reiskin (Bar No. 05256) | Paul J. Zidlicky (Bar No. 26148) |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | SIDLEY AUSTIN LLP |
| 101 Constitution Ave. NW, Ste 900 | 1501 K Street, N.W. |
| Washington, DC 20001 | Washington, DC 20005 |
| terri.reiskin@nelsonmullins.com | pzidlicky@sidley.com |
| Tel.: (202) 689-2800 | Tel.: (202) 736-8000 |
| Fax: (202) 689-2860 | Fax: (202) 736-8711 |

*Counsel for Defendant Smith & Nephew, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of July, 2021, the foregoing Memorandum in Support of Renewed Motion for Partial Summary Judgment was filed via ECF and thereby served on all counsel of record.

                                              */s/ Paul J. Zidlicky*