UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Mosca v. Smith & Nephew, Inc.*, No. 1:18-cv-03520 |

**CASE MANAGEMENT ORDER NO. 21**
**(Regarding Pretrial Scheduling Order for September 2021 BHR Trial)**

Plaintiff Phyliss Mosca and Defendant Smith & Nephew, Inc. hereby submit this Case Management Order (CMO) 21 regarding certain pretrial deadlines for this case set for trial on September 20, 2021.

**I.     Pretrial Deadlines.**

  **1. Local Rule 106 Pretrial Order, Proposed Voir Dire & Final Exhibit Lists.**

    a. On **August 27, 2021**, Plaintiff will send Defendant an initial draft of the Pretrial Order for the *Mosca* Case pursuant to Local Rule 106, including proposed voir dire, exhibit list (including, for each exhibit, which witness it will be offered through, and which exhibits Plaintiffs expect to offer and may offer), exhibit images, witness list (including identification of whether each witness will be called by deposition designation or is expected to be called live), and deposition designations for any witness who will not or may not appear live. Plaintiff's initial draft of the Pretrial Order shall also include a listing or other specific identification (e.g., by Bates number, content, etc.) of each alleged false or misleading representation on which

her claims rely, and the details of all past, present and future damages claimed by Plaintiff, including dollar amounts (if applicable), and identification of the documents that support such claimed damages. On the same date, Plaintiff will also send Defendant digital images of the exhibits listed by Plaintiff in the draft Pretrial Order, with file names that correspond to the exhibit numbers, and will use Bates-stamped versions of documents produced in the litigation, if applicable.

b. On **August 27, 2021**, Defendant will send Plaintiff deposition designations for potential use in Defendant's case-in-chief.

c. On **September 3, 2021**, Defendant will send Plaintiff revisions and additions to the Pretrial Order pursuant to Local Rule 106, including proposed voir dire, exhibit list (showing, for each exhibit, which witness it will be offered through and which exhibits Defendant expects to offer and may offer), exhibit images, witness list (including identification of whether each witness will be called by deposition designation or is expected to be called live), and counter-designations to the deposition designations previously identified by Plaintiff. On the same date, Defendant will also send Plaintiff digital images of exhibits listed by Defendant in the draft Pretrial Order, with file names that correspond to the exhibit numbers, and will use Bates-stamped versions of documents produced in the litigation, if applicable.

d. On **September 3, 2021**, Plaintiff will send Defendant counter-designations to the deposition designations previously identified by Defendant pursuant to Section I(1)(b) above.

e. On **September 9, 2021**, The parties will provide any deposition counter-designations based on the September 3 counter-designations in Sections I(1)(c)-(d) above.

f. On **September 10, 2021**, the parties shall file with the Court the proposed Pretrial Order for the *Mosca* case pursuant to Local Rule 106, including the final exhibit lists, any authenticity objections to exhibits identified therein, previously-exchanged deposition designations (as provided in Sections I(1)(a)-(e) above), and proposed voir dire.

g. The parties will exchange tagged digital exhibit images with pretrial numbering to match the final exhibit lists in the Pretrial Order on **September 17, 2021**. For the Court's convenience, the final exhibit list shall include columns for each exhibit identifying: (1) any unresolved objections to authenticity; (2) any objections to exhibits based on motion in limine or other pretrial motion rulings; and (3) a brief explanation of the nature of any such objection. All objections to exhibits for any reason are preserved and can be raised at trial, whether listed on the final exhibit list or not.

h. The parties will submit final exhibit lists with pretrial numbering to the Court on **September 17, 2021**, pursuant to Local Rule 106(7)(a).

2. **Pretrial Conference.** The pretrial conference for the *Mosca* case pursuant to Local Rule 106 will be held on **September 15, 2021**, at **2:15 p.m. EDT**.

3. **Deposition Designation Objections and Submission to Court.**

a. At least four days before any particular deposition designations are expected to be used or played at trial, or on such other schedule as agreed by the parties or

approved by the Court based on developments during the trial, the party offering the deposition shall be required to provide its final deposition designations to the non-offering party, along with any exhibits introduced through the designations identified by PX or DX number. At least three days before such depositions are to be used or played at trial, the non-offering party will provide the offering party with its counter-designations, along with any exhibits introduced through the counter-designations identified by PX or DX number, and objections to any designated testimony. By no later than 2 days before the deposition is expected to be used or played at trial, the offering party will provide to the non-offering party its objections to any counter-designations and responses, if any, to the objections of the non-offering party.

b. By no later than 2 days before the deposition is expected to be used or played at trial, the offering party will provide the Court with a designation and objection report for the witness to be presented at trial by deposition designation and/or counter-designation. The report must separately identify: (1) testimony designated or counter-designated by Plaintiff; (2) testimony designated or counter-designated by Defendant; (3) objections to any designated testimony by any party and the basis for the objection; (4) response, if any, to any such objections; and (5) identification by PX or DX number of any exhibits introduced through the designations.

c. The Court will endeavor to consider and rule on deposition designation objections in a timely fashion during trial in order to permit the use of the depositions at trial on the schedule proposed by the offering party. After the Court rules on deposition designation objections and before the deposition designations are shown or played

at trial (at least the day prior to the deposition designations being played at trial, if possible based on the timing of the Court's ruling), the offering party must provide the non-offering party with a final playlist and video with exhibits as intended to by shown or played during trial.

4. **Jury Instructions & Special Verdict Form.** The parties will file with the Court proposed jury instructions and special verdict forms on **September 10, 2021**.

APPROVED AND SO ORDERED:

<u>8/26/2021</u>            <u>       /S/                              </u>
Date              Catherine C. Blake
              United States District Judge