### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASE:<br><br>*Phyliss Mosca v. Smith & Nephew, Inc.*, No. 1:18-cv-03520 |

### MEMORANDUM

Now pending are several remaining motions in limine filed by Ms. Phyliss Mosca ("Ms. Mosca") or by Smith & Nephew ("S&N") in this multidistrict litigation. The motions are fully briefed and oral argument was heard on April 28, 2021. Though it will not be possible to rule on some of the motions until specific evidence is actually proffered in the context of trial, the court endeavors herein to set appropriate boundaries on the admissibility of the challenged evidence. In previous memoranda (ECF 2827, 2863), the court addressed 27 of the motions in limine raised by the parties; this memorandum will address eight motions specific to Ms. Mosca's case alone.

### LEGAL STANDARD

A motion in limine seeks to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (internal quotation marks omitted).

1

## ANALYSIS

1. **Mosca-Specific Motion in Limine #1 – Evidence Post-Dating Implant (ECF 2521)**

S&N has moved to exclude evidence concerning events that post-date Ms. Mosca's implant surgery, which it argues are irrelevant to her claims and would be confusing and prejudicial. It is possible that documents or other evidence created after Ms. Mosca's implant may shed light on, for example, S&N's knowledge of certain risks in the period prior to her implant. *See In re Tylenol (Acetaminophen) Mktg., Sales Practices and Prods. Liab. Litig.*, 181 F. Supp. 3d 278, 300–01 (E.D. Pa. 2016) (noting that communications post-dating a plaintiff's injuries may demonstrate what the defendant knew about the risk of injury from the product prior to the plaintiff's injuries). As with Paula Redick's case, categorically excluding all evidence post-dating Ms. Mosca's implant is therefore not appropriate. The court will address the relevance and prejudice of specific evidence as it is offered at trial. A further ruling on this motion is reserved.

2. **Mosca-Specific Motion in Limine #2 – Materials Not Seen by Ms. Mosca or Her Surgeon (ECF 2538)**

S&N has moved to exclude evidence of marketing and other materials which neither Ms. Mosca nor her surgeon ever saw, which it argues are irrelevant to any remaining claims and would be confusing and unfairly prejudicial. It is possible that documents which neither Ms. Redick nor her surgeon ever saw may help to prove that what they did see was in fact misleading. Categorically excluding all evidence of this nature is therefore not appropriate. The court will address the relevance of specific evidence as it is offered at trial. A ruling on this motion is reserved.

### 3. Mosca-Specific Motion in Limine #3 – Hypothetical Actions (ECF 2542)

S&N seeks to exclude evidence or argument about what Ms. Mosca would have done if she had different information at the time of her BHR implant. It contends this evidence would merely be self-interested speculation amounting to an inadmissible lay opinion under Federal Rules of Evidence 602 and 701.

S&N relies on *Alfano v. BRP Inc.*, 2010 WL 2292265 (E.D. Cal. June 4, 2010) for the proposition that testimony about what a witness would have done under different circumstances is inadmissible speculation. In *Alfano*, a negligent failure to warn products liability case, the court determined on a motion for summary judgment that the plaintiff's testimony that she would have "acted a certain way or heeded to the warning had it been adequate is inadmissible as it is too speculative and self-serving pursuant to Federal Rules of Evidence 602 and 701." *Id.* at *3. But that case turned on whether the manufacturer proximately caused the plaintiff's injuries due to its breach of the duty to communicate adequate product warnings. *Id.* at *2. The plaintiff admitted that she did not read the warning. In reaching its conclusion, the court rejected the plaintiff's argument that "the very nature of the label's inadequacy is what caused [her] to ignore the warning" and that, "[h]ad the warning been adequate, [she] would have looked at it." *Id.*[1]

*Alfano* therefore does not stand for the broad proposition that a plaintiff's testimony about actions he or she may have taken under different circumstances is always inadmissible. In Ms. Mosca's case, Dr. Boucher served as a learned intermediary charged with imparting relevant risk information to his patients. Dr. Boucher has not testified that he never reads or heeds manufacturer

---

[1] S&N also cites *Snoznik v. Jeld-Wen, Inc.*, 2010 WL 1924483 (W.D.N.C. May 12, 2010) for the same proposition. In that case, the court excluded testimony about what the plaintiff would have done if the company had provided alternative instructions because his head injury, which severely impacted his memory, prevented him testifying that he ever read the instructions in the first place without relying on mere speculation. Only on that basis was the testimony inadmissible. *Id.* at *17.

3

warnings about the risk of revision; and Ms. Mosca is perhaps the only witness with personal knowledge as to what she would have done with that information, had it been provided to her, nor need she rely on any expertise to testify to that effect. Whether she in fact would have done anything different with the accurate revision data is a proper ground of cross-examination for S&N. The motion will therefore be denied.

### 4. Mosca-Specific Motion in Limine #4 – Physical Ailments (ECF 2544)

S&N seeks to exclude evidence about Ms. Mosca's physical ailments, including thyroid problems, joint pain and swelling, lumbar pain, and more. In particular, it wishes to exclude evidence and arguments about metal ions in her blood which she contends resulted from the BHR. It argues that this testimony is inadmissible under Rules 401–403 and 702 because no expert witness has supported a causal connection between the BHR and these ailments.

In response, Ms. Mosca states that she does not intend to offer testimony regarding medical causation at trial, (ECF 2633, Opp'n at 15), and Ms. Mosca's expert Dr. Shapiro has not testified that any of the ailments referenced in S&N's motion were caused by the BHR. (*See* ECF 2544-1, Ex. A, Shapiro Dep. at 195–99). S&N's motion is therefore granted as unopposed to that extent. But Ms. Mosca objects to S&N's motion insofar as it seeks to, in her view, prematurely preclude her from testifying about her medical history and physical condition. The court agrees that some aspects of Ms. Mosca's overall medical history may be relevant, and indeed evidence of other unrelated conditions may be inextricably intertwined with medical records that are directly relevant to her hip implant. Accordingly, causation testimony not supported by an admissible expert opinion will not be permitted, but the court will not enter a blanket order precluding all reference to other aspects of Ms. Mosca's medical history. Specific objections may be made as warranted at trial.

**5. Mosca-Specific Motion in Limine #5 – Emotional Distress (ECF 2547)**

S&N seeks to exclude evidence or argument relating to Ms. Mosca's emotional distress at any time prior to April 2016, when she learned she had somewhat elevated metal ions, and all evidence and argument connecting metal ions to her emotional distress. It contends this evidence would be irrelevant and unfairly prejudicial and would constitute an inadmissible lay opinion under Rule 702. In response, Ms. Mosca affirms she will not seek to argue that any emotional distress occurred prior to April 2016, and she will not argue that metal ions were a medically provable cause of her emotional distress. (ECF 2633, Opp'n at 17). S&N's motion is therefore granted in part as unopposed insofar as it seeks to exclude discussion of emotional distress predating April 2016 and an argument that Ms. Mosca's emotional distress was medically caused by metal ions. This is different from testimony she may offer that being told she had elevated metal ions caused her anxiety and "garden-variety" non-clinical emotional distress, *see Ricks v. Abbott Labs*, 198 F.R.D. 647, 648–49 (D. Md. 2001), as to which the motion is denied. In sum, S&N's motion is granted in part and denied in part.

**6. Mosca-Specific Motion in Limine #6 – Employment-Related Damages (ECF 2549)**

S&N seeks to exclude argument about lost employment opportunities, lost wages, lost benefits, and mental pain and suffering or emotional distress in connection with Ms. Mosca's employment. In response, Ms. Mosca states she will not be claiming lost employment opportunities, lost wages, or lost benefits. (ECF 2633, Opp'n at 18). S&N's motion is therefore granted as unopposed to that extent. But Ms. Mosca does assert she is entitled to claim mental pain and suffering and emotional distress, whether at work or at home, as a result of learning she had metallosis or elevated metal ions. Though Ms. Mosca is not qualified as an expert to offer medical

5

causation testimony that metal ions caused her emotional suffering, she may testify from personal knowledge about the natural sequelae of the physical injuries she allegedly endured as a result of the BHR. To offer an example, testimony that Ms. Mosca endured emotional suffering due to fear of the risks attendant in her revision surgery would likely be admissible, while testimony that metal ions caused her mental suffering through a biochemical process or some other mechanism requiring expert knowledge to explain would not be admissible. The motion is therefore granted in part and denied in part.

### 7. Mosca-Specific Motion in Limine #7 – Information Smith & Nephew Was Not Required to Communicate (ECF 2522)

S&N has moved to exclude evidence regarding information that it was not required to communicate under federal law, including evidence that Ms. Mosca and her surgeon would like to have known additional information about the risks of the BHR. It argues this evidence is irrelevant and unfairly prejudicial. Though this evidence is potentially relevant to a preempted claim, it is also relevant to Ms. Mosca's surviving misrepresentation claim. Specifically, whether Dr. Boucher would have wanted to know about higher revision rates is relevant to whether the communications that he did receive were misleading by omission as well as to whether a disclosure would have made a difference in his decision to recommend the BHR. This motion is denied.

### 8. Mosca Omnibus Motion in Limine (ECF 2558)

Ms. Mosca seeks to exclude any evidence of alternative causes of Ms. Mosca's revision surgery other than the failure of her BHR. Specifically, she seeks to exclude any assertion that her use of a dietary chromium supplement caused her elevated chromium levels. She argues this is not supported by the factual record or by any admissible testimony.

The court has addressed this argument in the context of the motion to exclude a defense expert's testimony. In addressing the admissibility of Dr. Hungerford's testimony that chromium supplements may have contributed to Ms. Mosca's elevated chromium levels, the court stated that, if offered not to show that the chromium supplements caused Ms. Mosca's BHR to fail but rather to show that the supplements may have contributed to Ms. Mosca's metallosis, the testimony may be admissible to counter Dr. Shapiro's contention that Ms. Mosca's BHR led to elevated chromium levels. (*See* ECF 2717 at 28). The court affirms this position here.

Ms. Mosca further seeks to exclude any argument that Ms. Mosca caused or contributed to her own revision surgery. The court has granted summary judgment to Ms. Mosca on these affirmative defenses already. (*See* ECF 2906 at 29–30). The pending motion is therefore denied as moot insofar as it seeks the same relief.

## CONCLUSION

In sum, for the reasons stated herein, the court denies motion in limine numbers 3 (ECF 2542) and 7 (ECF 2522) and the omnibus motion (ECF 2558); grants in part and reserves in part motion in limine number 4 (ECF 2544); grants in part and denies in part motions in limine numbers 5 (2547) and 6 (ECF 2549); and reserves ruling on motions in limine numbers 1 (ECF 2521) and 2 (ECF 2538). A separate Order follows.

September 1, 2021                                            /s/
    Date                                              Catherine C. Blake
                                                      United States District Judge