IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASE:<br><br>*Bellan v. Smith & Nephew, Inc.*, No. 1:18-cv-3163 |

## MEMORANDUM

Now pending is Plaintiff Lori Bellan's motion to vacate the court's dismissal of her claims. The motion was filed on the case's individual docket but was never filed on the MDL's Master Docket, so neither defense counsel nor plaintiffs' lead counsel was served. Nearly three years after filing, Bellan's counsel drew the court's attention to the pending motion. The court then alerted other counsel and permitted Smith & Nephew time to oppose the motion, which it did. Bellan did not file a reply. The motion has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the following reasons, the court will deny Bellan's motion to vacate.

## BACKGROUND

Bellan filed suit against Smith & Nephew in the Eastern District of New York on September 10, 2018. Pl.'s Mot. to Vacate ¶ 3, Bellan Docket ECF 123 ("Mot."). The case was transferred to this district as part of the MDL on October 12, 2018. *Id.* ¶ 3. After the transfer, Bellan served her Plaintiff's Fact Sheet via the MDL Centrality portal on February 18, 2019. *Id.* ¶ 5. But Bellan's Fact Sheet was inadequate, and Smith & Nephew sent Bellan's counsel of

1

record, Joseph G. Dell, notice of the deficiency via the MDL Centrality portal on March 6, 2019.[1] Def.'s Opp'n to Mot. to Vacate at 3, Bellan Docket ECF 124 ("Opp'n"); Opp'n Ex. D, Bellan Docket ECF 124-4. Bellan apparently had access to the MDL Centrality portal during this time; she filed medical documentation on the platform on May 3, 2019. Mot. ¶ 12. Nevertheless, Bellan did not update her Fact Sheet. Opp'n at 3. As a result, her case was included on a list of deficient cases, *see* Master Docket ECF 1559; Bellan Docket ECF 102, for which the court issued an Order to Show Cause why the cases should not be dismissed with prejudice on May 22, 2019, Order to Show Cause, Master Docket ECF 1571; Bellan Docket ECF 106. Bellan again failed to respond, and the court dismissed her claims with prejudice on June 26, 2019. Order Dismissing Claims, Bellan Docket ECF 122.

Bellan claims that she did not learn of the Order to Show Cause until July 1, 2019, when Mr. Dell's firm was notified by plaintiff's liaison counsel that Bellan's case had been dismissed. Mot. ¶ 6. Further, she states that she did not receive the Order to Show Cause or the Order dismissing her claims until April 13, 2020. *Id.* ¶ 7. Notwithstanding the July 2019 correspondence, Bellan contends that it was not until April 13, 2020, that she learned something was wrong with her case. *Id.* ¶ 5. The next day, Bellan "began drafting the [motion to vacate] and prepared an appropriate Short Form Complaint and substantially completed Plaintiff's Facts Sheet." *Id.* ¶ 8. Over five months later, Bellan filed her motion to vacate the dismissal on her

---

[1] The inadequate Plaintiff's Fact Sheet was not the only deficiency in Bellan's case. According to Smith & Nephew, Bellan also failed to file a Plaintiff's Preliminary Disclosure and a short-form complaint within thirty days of transfer into the MDL. Opp'n at 2. Smith & Nephew sent correspondence to Bellan's counsel informing him of the deficiencies. *Id.* at 2-3. Smith & Nephew states that Bellan's counsel never responded to its letters or corrected these other issues. *Id.* at 3.

2

case's individual docket. *See id.* Though she states that the corrected Short Form Complaint and Plaintiff's Fact Sheet were included, no exhibits were attached to the filing. *See id.* ¶ 8; *id.*

Bellan's motion was not filed on the MDL's Master Docket. As a result, neither Smith & Nephew nor plaintiff's liaison counsel was served with the motion, and the court was unaware that any motion was pending. Nearly three years later, in July of 2023, Bellan's counsel contacted the court to inquire about the motion's status for the first time. *See* Mem. to Counsel, Master Docket ECF 4465.

## LEGAL STANDARD

"The court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) . . . for reasons (1), (2), and (3) [must be made] no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). A district court has discretion in deciding whether to grant a Rule 60(b) motion. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citing *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978)).

## ANALYSIS

Bellan argues that she is entitled to relief under Rule 60(b)(1) because her failure to remedy the deficiencies in her complaint should be considered "excusable neglect." Mot. ¶¶ 1, 2, 10. She also cites the catch-all provision of Rule 60(b)(6) but makes no argument specific to that reason for relief. *Id.* ¶ 1.

Smith & Nephew argues that Bellan's motion is untimely under Rule 60(c)(1), which requires a movant to file a motion seeking relief under Rule 60(b)(1) "no more than a year after the entry of the judgment or order." Opp'n at 5-6; Fed. R. Civ. P. 60(c)(1). Bellan filed her

3

motion to vacate on September 23, 2020, *see* Mot., more than one year after the June 26, 2019, entry of the order it challenges, *see* Order Dismissing Claims. The court does not have "discretion to extend Rule 60(b)'s one-year time limit for equitable reasons, whatever their merit." *United States v. Williams*, 56 F.4th 366, 372 (4th Cir. 2023); Fed. R. Civ. P. 6(b)(2). Bellan's motion is therefore untimely.

Bellan's bare citation to Rule 60(b)(6) does not rescue her motion. The Supreme Court has explained that Rule 60(b)(1) and Rule 60(b)(6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Bellan points to no independent "extraordinary circumstances" which would justify relief. *Aikens*, 652 F.3d at 500 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). Indeed, she submits that her failure to remedy the deficiencies in her case "was due to a mistake and . . . excusable neglect." Mot. ¶ 10. Therefore, Bellan is precluded from relying on Rule 60(b)(6)'s catch-all provision to evade the one-year limit on Rule 60(b)(1) motions.

## CONCLUSION

For the reasons stated above, the court will deny Bellan's motion to vacate. A separate Order follows.

    10/4/2023  
Date

    /s/  
Catherine C. Blake  
United States District Judge