IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>THIS DOCUMENT RELATES TO CASE NOS:<br>18-cv-251; 18-cv-275; 18-cv-279; 18-cv-1053; 18-cv-1211; 18-cv-1394; 18-cv-2560; 18-cv-3480; 18-cv-3638 |

## MEMORANDUM & ORDER

Now pending is a motion for attorney's fees (ECF 4454) filed by Brian Goldstein and Goldstein Greco, P.C., a New York law firm, claiming recovery allegedly due to them for representation of clients in nine member cases in this MDL litigation involving certain Smith & Nephew hip implant medical devices. A motion to dismiss (ECF 4852) has been filed by the other New York lawyers who are disputing the allocation of settlement funds, Cellino & Barnes, P.C., and Cellino Law LLP, and has been fully briefed. (ECF 5009, 5071). There is no diversity or federal question jurisdiction asserted; rather Goldstein relies on this court's ancillary jurisdiction. Meanwhile the fee dispute apparently proceeds in New York state court.

I agree with the opinions expressed by Judge Landya McCafferty in *Knauss v. Atrium Medical Corporation*, No. LM-18-cv-1187, 2023 WL 6216608, __ F. Supp. 3d __ (D.N.H. Sept. 25, 2023) (ECF 5084), which is part of the MDL litigation involving C-Qur Mesh Products, and by Judge Vince Chhabria in the MDL litigation involving Roundup, Order, *In Re Roundup Prods. Liab. Litig.*, No. VC-16-md-02741 (N.D. Cal. Oct. 27, 2023) (ECF 5103), both of whom have found the exercise of ancillary jurisdiction over this private dispute between lawyers unwarranted. While in certain circumstances there may be ancillary jurisdiction to address attorney's fee

1

disputes, in this case there is limited factual interdependency, and the resolution of the fee dispute will not affect the MDL proceedings. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-81 (1994); *see also In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 672 (3d Cir. 2018).

Accordingly, without addressing the stay and abstention issues, I decline to exercise ancillary jurisdiction over this fee dispute. The motion to dismiss (ECF 4852) is hereby **GRANTED**.

So Ordered this 6th day of December, 2023.

/s/
Catherine C. Blake
United States District Judge