IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>THIS DOCUMENT RELATES TO ALL MDL ACTIONS |

## MEMORANDUM & ORDER

On March 11, 2024, the court issued an opinion (ECF 5366) ruling on Smith & Nephew's Motion to Maintain Confidential Status (ECF 5094). After making detailed findings on which documents should remain under seal, which should be redacted, and which could be made public in their entirety, I requested the parties to "collaborate to review the documents to be unsealed and apply redactions consistent with the limits outlined by the court." (ECF 5366 at 23).

Counsel thereafter provided several status reports, primarily dealing with settlement, but on May 17, 2024, defense counsel advised as follows:

> On May 3, 2024, Smith & Nephew sent to Plaintiffs' counsel its proposed redactions to documents per the Court's ruling on the Motion to Maintain Documents Under Seal, along with copies of the related documents showing the redactions with highlighting. Plaintiffs have indicated they should have completed their review and provided their response by 5/31.

As of June 14, however, the plaintiffs had not provided any specific response to Smith & Nephew's proposal. Instead, noting they believe that at least some aspects of the court's opinion contain error, the PSC prefers to "note disagreement with the Order and expressly reserve the right for future plaintiffs and/or remand plaintiffs to challenge the status of those documents in transferee courts."

I believe that the plaintiffs' proposal is contrary to the goal of achieving efficient and uniform adjudications of multiple actions that have been transferred to an MDL. *In re Food Lion, Inc., Fair Labor Standards Act Effective Scheduling Litigation*, 73 F.3d 528, 533 (4th Cir. 1996); *see* 28 U.S.C. § 1407(a). Accordingly, Smith & Nephew is directed to provide to the court a copy of its proposed redactions by July 9, 2024. If the plaintiffs choose to respond, despite their announced position, they must do so by July 16, 2024.

So Ordered this 1st day of July, 2024.

/s/
Catherine C. Blake
United States District Judge